53 F.3d 340
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas LAMBERT, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tammy BIRD, Defendant-Appellant.
 Nos. 94-10349, 94-10369.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1995.*
Decided April 14, 1995.
 
 Before: BRUNETTI, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Lambert conditionally pled guilty to possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). Tammy Bird conditionally pled guilty to interstate travel in aid of racketeering, in violation of 18 U.S.C. Sec. 1952. Both reserved the right to appeal the district court's denial of their motions to suppress evidence seized from their residence pursuant to a warrant. That evidence included methamphetamine, a hand gun, and narcotics paraphernalia. We have jurisdiction over both appeals under 28 U.S.C. Sec. 1291, and we affirm.
 
 I.
 
 3
 Appellants assert that there was insufficient probable cause to issue the search warrant for their residence. We review a magistrate's issuance of a search warrant for clear error and will uphold it so long as the magistrate had a substantial basis for concluding that probable cause existed. United States v. Brown, 951 F.2d 999, 1002 (9th Cir.1991).
 
 
 4
 It is a close question whether there was probable cause in this case. The affidavit that DEA agent Nicothodes submitted to the magistrate relates the following: DEA agents discovered chemicals used to manufacture methamphetamine, narcotics paraphernalia, and methamphetamine at the home of Patrick Gallagher. After his arrest, Gallagher described a scheme whereby he supplied chemicals to Lambert so that Lambert could manufacture methamphetamine at his home. While apparently Gallagher was attempting to spread the blame to Lambert, and "[d]espite the skepticism with which such statements are justifiably viewed," United States v. Dozier, 844 F.2d 701, 707 (9th Cir.1988), Gallagher's statements also incriminated himself, and are therefore sufficiently credible to contribute to a finding of probable cause. See id.; United States v. Greany, 929 F.2d 523, 525 (9th Cir.1991). In addition, Gallagher's description of the scheme on the basis of his personal knowledge added to his credibility. United States v. Estrada, 733 F.2d 683, 686 (9th Cir.1984).
 
 
 5
 However, little of the information implicating Lambert was corroborated by the DEA. DEA agents verified that Gallagher provided an accurate address and phone number for Lambert. However, the corroboration of "innocent static details" is entitled to little weight in evaluating probable cause:
 
 
 6
 The fact that a suspect lives at a particular location or drives a particular car does not provide any indication of criminal activity. On the other hand, prediction of significant future activity to carry out particular criminal activity as in Gates and Alvarez does provide a reasonable basis for evaluating the validity of an anonymous tip. Here, Detective O'Connell merely verified "innocent" facts; he did not corroborate predictions of future activity.
 
 
 7
 United States v. Mendonsa, 989 F.2d 366, 369 (9th Cir.1993); see also United States v. Clark, 31 F.3d 831, 835 (9th Cir.1994). Similarly, in this case the DEA agents corroborated only innocent facts and did not corroborate any predictions of future activity. Furthermore, the agents' corroboration that the phone number of a certain chemical company was written in Gallagher's pen register in no way confirms that Lambert gave Gallagher that number. Finally, the government does not argue that the agents' observation of Gallagher at Lambert's home on July 21, 1993 supports the magistrate's finding of probable cause. Since this information was not in the affidavit provided to the magistrate, it cannot support his decision to issue a search warrant.
 
 
 8
 However, we need not resolve whether there was probable cause in this case. Even if it was lacking, the good faith exception to the exclusionary rule applies. Precisely because the probable cause question is somewhat close, it was clearly objectively reasonable for the agents to rely upon the magistrate's determination. United States v. Leon, 468 U.S. 897, 926 (1984); United States v. Tate, 795 F.2d 1487, 1491 (9th Cir.1986). Gallagher's statements against penal interest, his first hand knowledge of the scheme, and the corroboration of at least some of that information justified the DEA's reliance on the warrant. Therefore, the evidence will not be suppressed.
 
 
 9
 Appellants argue that the good faith exception should not apply because the issuing magistrate "was misled by information in [the] affidavit that the affiant knew was false or would have known was false except for his disregard of the truth." Leon, 468 U.S. at 923. The Nicothodes' affidavit relates Gallagher's statement that on July 21, 1993, he went to appellant's residence in order to deliver chemicals he had purchased for Lambert. Appellants argue that the DEA agents knew this statement was false for two reasons. First, appellants claim that because agents observed Gallagher perform activities consistent with methamphetamine production after he had purchased the chemicals, but before visiting appellants' residence, the agents knew he used the chemicals himself and did not attempt to deliver them to Lambert. Secondly, appellants claim that because the surveillance report confirming Gallagher's July 21 visit to appellants' home does not reflect that Gallagher was carrying chemicals during the visit, the agents knew he was not attempting to deliver chemicals to Lambert.
 
 
 10
 Neither of these theories indicate that Nicothodes misled the magistrate. First, the affidavit contained all the information about Gallagher's apparent methamphetamine production, including details about his activities prior to the July 21 visit to appellants' home. Rather than withholding information from the magistrate, the affidavit provided the relevant information so that the magistrate himself could assess whether Gallagher's story was consistent with DEA observations. Secondly, the fact that the July 21 surveillance report does not state that Gallagher was carrying chemicals when he visited appellants' home indicates at most that the agents did not see the chemicals at that time. It does not show that Gallagher did not have the chemicals, or, more importantly, that the agents knew he did not have the chemicals.
 
 
 11
 Finally, we observe that Gallagher's story and DEA observations are easily reconcilable in the most important respects: Gallagher could have purchased the chemicals, produced some methamphetamine himself, and then attempted to deliver the remaining chemicals to Lambert. Appellants have provided no reason to conclude that agent Nicothodes deliberately or recklessly misled the magistrate.
 
 II.
 
 12
 Appellants also contend that the district court improperly refused to hold an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), in order to test the truth of the statements in the affidavit. To obtain a Franks hearing, the defendant must first make a substantial preliminary showing that the affidavit contained actual falsity, and that the falsity either was deliberate or resulted from reckless disregard for the truth. Id. at 171. Secondly, the challenged statements must be necessary to a finding of probable cause. Id. For the reasons described above, we conclude that appellants have failed to satisfy the first prong of this test.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3