**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kevin MENDONSA, Defendant–**
**Appellant.**

No. 91–30413.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 2, 1992.

Decided March 30, 1993.

Mark S. Werner, McNamer, Thompson, Werner & Stanley, Billings, MT, for defendant-appellant.

Diane G. Barz, Asst. U.S. Atty., Billings, MT, for plaintiff-appellee.

Before WRIGHT, HUG, and POOLE, Circuit Judges.

HUG, Circuit Judge:

This case involves a conditional plea of guilty to drug offenses and being a felon in possession of a firearm. Mendonsa contests the order denying suppression of evidence obtained from his residence in the execution of a search warrant. He asserts that there was not probable cause for the issuance of the warrant, that there was not good faith in executing it, and that the officers violated the "knock and announce" requirement of 18 U.S.C. § 3109 (1988).

The issues in this appeal are: (1) whether there was sufficient probable cause for the search warrant based on an anonymous informant's tip and certain confirming evidence; (2) if not, did the officers rely in good faith on the validity of the warrant when they initiated their search of Mendonsa's home; and (3) whether the officers violated 18 U.S.C. § 3109 when they forcibly entered Mendonsa's home.

## FACTS

On February 26, 1991, the Billings, Montana police department received an anonymous tip through the local "Crime Stoppers" system. The tipster stated that sometime around the twelfth of February, 1991, he or she had been at a house, later determined to belong to the appellant Kevin Mendonsa, where the tipster witnessed various sales of marijuana. The anonymous tipster stated that he or she had witnessed the sales of a quarter-ounce, quarter-pound, and full pound of marijuana at a certain white house on February 12, 1991. The tipster described the house, its occupants, the participants in the sales, and the sales prices for the various quantities of marijuana being sold.

On March 7, 1991, Detective O'Connell, of the Billings, Montana police department, relying on a written summary of the anonymous call, filed an affidavit supporting a request for a search warrant of the house described in the anonymous tip. O'Connell provided corroborative information concerning some of the facts related by the tipster. O'Connell verified that the appellant, Kevin Mendonsa, lived in the house described in the tip and that he matched the description of the man referred to as "Kevin." O'Connell also verified that

there were cars parked in front of the house that matched the tipster's descriptions. O'Connell also made a background inquiry into Mendonsa's criminal history, and found that he was on parole for a prior criminal conviction for armed robbery in the state of California. O'Connell also stated in his affidavit that he knew from experience that the prices quoted by the tipster regarding the sales of marijuana were accurate reflections of market prices.

O'Connell neglected to include other information in his affidavit. He did not mention that he had observed no unusual activity during a week-long period of surveillance, nor that Kevin Mendonsa's wife, Julie Mendonsa, also described in the tip, had no prior criminal history.

Based on the anonymous tip, and the corroborative evidence in the affidavit from Detective O'Connell, the magistrate issued the search warrant to O'Connell. O'Connell and several other agents arrived at Mendonsa's home at 10:00 a.m. on March 14th. The evidence in the record shows that the officers knocked loudly on the door and shouted "Police! Open up, we have a search warrant." The officers waited approximately three to five seconds, then, after hearing some noise inside, smashed in Mendonsa's front door.

The search incident to the forced entry produced some 35 pounds of marijuana, various smoking paraphernalia, a scale and a .22 caliber pistol. At trial, Mendonsa moved to suppress all evidence found in the search, contending that the search warrant was not supported by probable cause, and that the officers violated the "knock and announce" requirement of 18 U.S.C. § 3109.

The district court held a suppression hearing, and denied the motion in a written order. In a conditional plea, Mendonsa pled guilty to conspiracy to possess with intent to distribute and possession with intent to distribute, 21 U.S.C. §§ 841(a)(1), 846 (1988), and felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (1988). Mendonsa was sentenced to 96 months of imprisonment and four years of supervised release.

## I.

Mendonsa argues that evidence seized pursuant to the search of his home should be suppressed because the search warrant executed by the officers was not supported by probable cause. The district court found that probable cause existed.

We review a magistrate's "issuance of a search warrant for clear error and will uphold it so long as the [magistrate] had a 'substantial basis' for concluding probable cause existed based on the totality of the circumstances." *United States v. Bertrand*, 926 F.2d 838, 841 (9th Cir.1991) (quoting *United States v. Stanert*, 762 F.2d 775, 779 (9th Cir.), *amended on other grounds*, 769 F.2d 1410 (9th Cir.1985)).

The "totality of the circumstances" analysis requires that a magistrate make a common sense determination that "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). An anonymous tip, without more, does not constitute probable cause. *Id.* at 227, 103 S.Ct. at 2326. In *Gates*, the Supreme Court held that an anonymous letter, coupled with independent corroboration of predicted activity, even though innocent on its face, established probable cause. *Id.* at 244–46, 103 S.Ct. at 2335–36. In *United States v. Alvarez*, 899 F.2d 833 (9th Cir.1990), *cert. denied*, 498 U.S. 1024, 111 S.Ct. 671, 112 L.Ed.2d 663 (1991), we held that an anonymous phone tip predicting Alvarez's activities, along with corroboration of those activities, established probable cause.

Here, Detective O'Connell did provide some corroborative evidence in support of the informant's tip. However, Mendonsa argues that this case differs from *Gates* and *Alvarez* because the facts O'Connell confirmed did not corroborate predicted activity.

In support of this argument, Mendonsa relies primarily on *United States v. Gibson*, 928 F.2d 250 (8th Cir.1991). In *Gibson*, an anonymous phone call alerted offi-

cers that a man and woman were selling cocaine from their residence. The caller described the occupants, the inside of the house, and the drugs and money he or she had seen. The caller also described various vehicles owned by the residents and stated that two dogs were on the premises. *Id.* at 251–52.

In his affidavit supporting his request for a search warrant, the investigating officer corroborated only the facts that a man matching the suspect's description lived at the house, that the cars were registered to him, and that there were dogs on the premises. A state judge issued the search warrant, and the officers entered the home. A cache of marijuana and cocaine were discovered in the search. The defendants moved to suppress the evidence on the grounds that the search warrant was based on facts that were insufficient to establish probable cause. *Id.* at 252–53.

The Eighth Circuit held that there was insufficient evidence to establish probable cause to issue the search warrant. *Id.* at 253. The court found that probable cause exists only when an affidavit sets forth sufficient facts that would enable a prudent person to believe that evidence of criminal activity would be found. The court found that "[a]t most, however, only several innocent details had been corroborated by the police in driving by the address given and by making a few telephone calls." *Id.* As in the present case, the detectives in *Gibson* had observed no unusual civilian or vehicular traffic characteristic of drug activity during the period of surveillance. *Id.* Although the Eighth Circuit found no basis for probable cause, it upheld the district court's denial of the suppression motion because the officers had relied in good faith on the search warrant. *Id.*

■ We agree with the *Gibson* opinion that mere confirmation of innocent static details is insufficient to support an anonymous tip. The fact that a suspect lives at a particular location or drives a particular car does not provide any indication of criminal activity. On the other hand, prediction of significant future activity to carry out particular criminal activity as in *Gates* and *Alvarez* does provide a reasonable basis for evaluating the validity of an anonymous tip. Here, Detective O'Connell merely verified "innocent" facts; he did not corroborate predictions of future activity. The district court erred in finding that the warrant was supported by probable cause.

## II.

■ Even though a warrant is based on insufficient probable cause, the evidence need not be suppressed if an officer relies in good faith on the warrant's validity. *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). This reliance must be objectively reasonable. *Id.* at 922, 104 S.Ct. at 3420. Because the purpose of the exclusionary rule is to deter police illegality, we will not suppress evidence when the magistrate, not the officer, errs. *See id.* at 921, 104 S.Ct. at 3419. Suppression remains an appropriate remedy, however, when a magistrate is misled by information in the affidavit, which the affiant knows, or should know, is false. *Id.* at 923, 104 S.Ct. at 3421.

The district court held that if it had not found probable cause, it would apply the good faith exception. We review de novo. *United States v. Ramos,* 923 F.2d 1346, 1353 (9th Cir.1991).

■ Mendonsa argues that the detectives could not have relied in good faith on the warrant. Mendonsa contends that Detective O'Connell's omission of certain facts from his affidavit constituted a reckless disregard for the truth. The district court found that these omissions were immaterial, and we agree. The fact that no unusual activity was observed for one week or that Mendonsa's wife had no criminal record had little, if any, bearing on probable cause.

The evidence shows that O'Connell relied in good faith on the warrant's validity. He sought advice from county attorneys concerning the substantive completeness of the affidavit before he submitted it to the magistrate. O'Connell testified at trial that the attorney advised him that the affidavit seemed complete. Based on these

facts it is clear that, even though the warrant was not supported by sufficient evidence of probable cause, O'Connell's reliance on the search warrant's validity was objectively reasonable and, therefore, the good faith exception is applicable.

## III.

■ Mendonsa also argues that evidence seized in the search of his home should be suppressed because the officers forcibly entered his home without being refused admittance and without sufficient exigent circumstances to justify breaking down his door. The district court found that the officers did not violate the "knock and announce" requirement of 18 U.S.C. § 3109 (1988) because there were sufficient exigent circumstances to justify breaking down the door after only three to five seconds. The existence of exigent circumstances is a mixed question of fact and law reviewed de novo. *United States v. McConney*, 728 F.2d 1195, 1204–05 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

The so-called "knock and announce" statute states as follows:

> The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant.

18 U.S.C. § 3109 (1988).

■ A refusal to reply to an officer's order to "open up" can be implied from silence. *United States v. Allende*, 486 F.2d 1351, 1353 (9th Cir.1973), *cert. denied*, 416 U.S. 958, 94 S.Ct. 1973, 40 L.Ed.2d 308 (1974). Exigent circumstances may excuse failure to wait for the occupant to refuse entry, but absent exigency, there must be explicit refusal or lapse of a significant amount of time before officers may forcibly enter the premises. *McConney*, 728 F.2d at 1206.

■ What constitutes "a significant amount of time" between announcement and entry depends upon the circumstances of each case. *Id.* at 1206. If officers have knocked and announced properly, mild exigency justifies simultaneous entry if it occurs without destruction of property. *Id.*

When physical destruction of property is necessary to gain entry, more specific inferences of exigency are required. *Id.* Forced entry within three to five seconds is permissible when specific inferences are present. *See, e.g., McClure v. United States*, 332 F.2d 19, 21–22 (9th Cir.1964) (four to five second wait sufficient when officers heard "footsteps running in the wrong direction"), *cert. denied*, 380 U.S. 945, 85 S.Ct. 1027, 13 L.Ed.2d 963 (1965); *United States v. Augello*, 368 F.2d 692, 693–95 (3d Cir.1966) (forced entry within four to five seconds of announcement permissible when sister ran away from door calling name of subject of warrant), *vacated on other grounds sub nom. DeCesare v. United States*, 390 U.S. 200, 88 S.Ct. 900, 19 L.Ed.2d 1036 (1968). An unjustified, yet sincere, belief in exigent circumstances does not justify non-compliance with section 3109. *McConney*, 728 F.2d at 1206.

Mendonsa argues that the Government cannot make the specific showing of exigent circumstances necessary to justify smashing in his front door. The Government counters that the inherently dangerous job of arresting drug dealers, Mendonsa's prior conviction for armed robbery and the fact that the officers heard noises inside the house constituted sufficient exigent circumstances to justify near simultaneous entry. The Government contends the noises could have meant that someone was trying to flush the marijuana down the toilet or that the occupants were arming themselves.

■ The evidence shows that at the time of entry the occupants of the house were playing soft music. All were seated in the living room, except Kevin Mendonsa's wife, Julie, who was somewhere between the living room and the front door when entry was made. Merely hearing some noise inside is not sufficient to justify forcible entry. Some noise is normal to

ordinary living and leaving one's seat to open the door.

It is important to note that at the time the warrant was executed, the detectives knew only that Mendonsa had a prior criminal record. The officers did not know whether the anonymous tip, more than a month old, was correct. Prolonged surveillance had, by Detective O'Connell's own admission, produced no evidence of unusual activity consistent with the sales of drugs. The Government has pointed to no particular type of noise, which would indicate that the occupants were rushing to arm themselves or to destroy evidence. The established facts are more consistent with the interpretation that Mrs. Mendonsa was simply coming to answer the door.

Based on these facts, we hold that there were not exigent circumstances to justify a forced entry after only three to five seconds of silence following the officers' announcement of their identity and purpose. The proper remedy for a violation of 18 U.S.C. § 3109 is suppression of the evidence. *United States v. Dicesare,* 765 F.2d 890, 895 (9th Cir.1985).

## IV.

We conclude that the search warrant was issued by the magistrate with insufficient evidence of probable cause, but that Detective O'Connell did rely in good faith on the warrant's validity. However, we conclude that the forced entry of the Mendonsa home, after a mere three to five second period of silence, following the officers' announcement of their identity and purpose, is a violation of 18 U.S.C. § 3109. The evidence acquired as a result of the search should have been suppressed. We are therefore required to reverse the conviction, and remand the case to the district court.

REVERSED and REMANDED.