15 F.3d 1090
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert ACEVEDO, Jr., Defendant-Appellant.
 No. 92-50698.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 6, 1993.
Decided Feb. 2, 1994.
 
 Before: TANG, D.W. NELSON, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Acevedo, Jr., appeals his jury conviction and his sentence under the Sentencing Guidelines for two counts of armed bank robbery in violation of 18 U.S.C. Sec. 2113(d) and three counts of unarmed bank robbery in violation of 18 U.S.C. Sec. 2113(a). We reverse.
 
 I. The Arrest and Search
 
 3
 The issue is whether the officers had probable cause to arrest Acevedo or to search the Cadillac. We have held that "[a]n anonymous tip, without more, does not constitute probable cause." United States v. Mendonsa, 989 F.2d 366, 368 (9th Cir.1993). "[M]ere confirmation of innocent static details is insufficient to support an anonymous tip.... On the other hand, prediction of significant future activity to carry out particular criminal activity ... does provide a reasonable basis for evaluating the validity of an anonymous tip." Id. at 369.
 
 
 4
 Although Acevedo, his location, and a car parked nearby matched the details given by the anonymous tipster, those facts alone provided no indication of criminal activity sufficient to constitute probable cause. Cf. id. ("The fact that a suspect lives at a particular location or drives a particular car does not provide any indication of criminal activity."). The fact that Acevedo continued to walk towards the McDonald's restaurant after the officers asked him to stop is unremarkable: "The person approached [by the police] ... need not answer any question put to him; indeed, he may decline to listen to the questions at all and may go on his way." Florida v. Royer, 460 U.S. 491, 497-98 (1983) (emphasis added).
 
 
 5
 When the police (who, on the basis of the tip, thought Acevedo might be going to rob McDonald's or other stores in the vicinity) forced Acevedo to stop at gunpoint and searched him, they found no weapon.[1] Thus there was no probable cause arising from the search of Acevedo or from the anonymous tip: the deputies at that time had "merely verified 'innocent' facts; [they] did not corroborate predictions of future activity." See Mendonsa, 989 F.2d at 369.
 
 
 6
 The district court determined that Acevedo was in custody at the time the car was searched. See Excerpt of Record at 73-74; see also 77, 82 (court found there was an arrest in the McDonald's parking lot). "While a warrantless search is permissible if conducted incident to a lawful arrest, 'if an arrest without a warrant is to support an incidental search, [the arrest] must be made with probable cause.' " United States v. Smith, 790 F.2d 789, 791 (9th Cir.1986) (quoting Henry v. United States, 361 U.S. 98, 102 (1959)). There was no probable cause to arrest Acevedo before the car was searched.
 
 
 7
 The government argues that probable cause to search the vehicle existed independent of the arrest. The government cites United States v. Alvarez, 899 F.2d 833 (9th Cir.1990), for the proposition that a vehicle search may be based in large part on an anonymous tip. However, the case before us is readily distinguishable from Alvarez where, on the basis of an anonymous caller's tip, officers found weapons on the suspect when they frisked him. "The moment the police discovered the two concealed weapons [on the defendant], they had reason to believe that [he] was involved in the criminal activity described by the tipster.... The verified details of the anonymous tip ... gave rise to probable cause to believe the car and trunk contained contraband." Alvarez, 899 F.2d at 839 (quotation omitted). The discovery of the concealed weapons in Alvarez corroborated the anonymous caller's prediction of future activity. See Mendonsa, 989 F.2d at 369. Here, of course, no weapons were found on Acevedo to provide probable cause for a search of the vehicle. The officers could search the Cadillac without a warrant under the automobile exception, but they could not search it without probable cause. See Chambers v. Maroney, 399 U.S. 42, 52 (1970) (warrantless search of vehicle valid when police had probable cause to believe car contained evidence of robbery). Acevedo's false statements regarding the keys and the ownership of the car were the product of the unlawful arrest and cannot be considered in the analysis of probable cause to search the vehicle.
 
 
 8
 The gun, the ammunition, and Acevedo's statements about the keys in his possession and ownership of the car were all evidence obtained as a result of the illegal arrest of Acevedo on June 7, 1991, and they are the fruit of an illegal seizure and search. The district court erred in denying the motion to suppress.
 
 II. Harmless Error
 
 9
 Because the illegal search and seizure violated the Fourth Amendment, it was constitutional error for the district court to admit evidence that was derived from that search and seizure. See Fahy v. Connecticutt, 375 U.S. 85, 86 (1963). We review such constitutional error to see whether it was harmless beyond a reasonable doubt or, stated another way, whether "there is a reasonable possibility that the evidence complained of might have contributed to the conviction." Chapman v. California, 386 U.S. 18, 23 (1967); United States v. Rubio-Villareal, 967 F.2d 294, 296 n. 3 (9th Cir.1992) (en banc).
 
 
 10
 We cannot say beyond a reasonable doubt that the evidence erroneously admitted did not contribute to the conviction. The gun was incriminating and Acevedo's statements on June 7, 1990, tended to establish before the jury that Acevedo was a liar.
 
 
 11
 We REVERSE and REMAND for a new trial. None of the other assigned errors warrant reversal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Acevedo does not contest that the deputies had reasonable suspicion to have detained him near McDonald's. "[C]ertain seizures are justifiable under the Fourth Amendment if there is articulable suspicion that a person has committed or is about to commit a crime." Florida v. Royer, 460 U.S. at 498. There was reasonable suspicion for the seizure. " 'When law enforcement officials corroborate the details of an anonymous informant's tip, the tip can give rise to a reasonable articulable suspicion.' " United States v. Alvarez, 899 F.2d 833, 837 (9th Cir.1990) (quoting United States v. Rodriguez, 835 F.2d 1090, 1092 (5th Cir.1988)), cert. denied, 498 U.S. 1024 (1991)