62 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Isaac MATTHEWS, Defendant-Appellant.
 No. 94-50601.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 7, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Isaac Matthews appeals his jury conviction for conspiracy to commit mail fraud, fraudulent use of access devices and money laundering in violation of 18 U.S.C. Secs. 371, 1346, 1029, and 1956. Matthews contends that trial counsel was ineffective because counsel failed to file a motion to suppress evidence seized subsequent to a search warrant executed at his residence. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 An ineffective assistance of counsel claim is customarily raised in a collateral attack under 28 U.S.C. Sec. 2255. United States v. Molina, 934 F.2d 1440, 1447 (1991). However, the merits of an ineffective assistance of counsel claim may be addressed on direct appeal if the record is sufficiently complete to allow the issue to be decided. Molina, 934 F.2d at 1446. Because the affidavit in question has been made part of the record, and Matthews and the government agree that the record sufficiently complete to allow review of the ineffective assistance claim, the merits of the claim may be decided on direct appeal. See id. at 1446.
 
 
 4
 Whether a defendant received ineffective assistance of counsel is a mixed question of law and fact reviewed de novo. United States v. Blaylock, 20 F.3d 1458, 1464 (9th Cir. 1994); United States v. Molina, 934 F.2d 1440, 1447 (1991). A defendant claiming ineffective assistance of counsel must demonstrate (1) that counsel's actions were "outside the wide range of professionally competent assistance," and (2) that the defendant was prejudiced by reason of counsel's actions. Strickland v. Washington, 466 U.S. 668, 687-90 (1984).
 
 
 5
 Matthews contends that his trial counsel was ineffective by failing to file a suppression motion because the affidavit supporting the search warrant lacked probable cause. A magistrate judge, when issuing a search warrant, must make a common sense determination, in view of the totality of the circumstances, whether there is a fair probability that contraband or evidence of a crime will be found in the place to be searched. United States v. Mendonsa, 989 F.2d 366, 368 (9th Cir. 1993).
 
 
 6
 Here, the affidavit supporting the search warrant for Matthews' residence identified two suspects in the government's investigation of a credit card fraud scheme who appeared to reside at Matthews' residence. One suspect, Clarence Okoro, gave his probation officer a telephone number which corresponded to an account in the name of "Isaac Matthews" and listed Matthews' residence as the account's address. Okoro also told his probation officer he was residing with a friend named "Isaac." Okoro also initially gave his probation officer an invalid commercial address as his place of residence. The apartment manager at Matthews' residence identified Okoro, and the second suspect of the investigation, Adedayo Adeneye, as frequent visitors to Matthews' residence, and indicated that Adeneye was the actual lessee.[1] Officers surveilling Matthews' residence saw Okoro entering Matthews' residence, and saw Okoro's automobiles parked outside Matthews' residence.
 
 
 7
 Moreover, upon investigating the information given on Matthews' rental application, the affiant discovered that numerous false statements had been made. The affiant believed that the use of this false information, and the presence of the two suspects, indicated that Matthews' residence was being used as a "stash pad" for the credit card fraud scheme. Thus, the affidavit established sufficient facts to support a determination that evidence of a crime would be found in Matthews' residence. See Mendonsa, 989 F.2d at 368. Given the totality of the circumstances, there were sufficient facts stated in the affidavit to give the magistrate judge a substantial basis for concluding that probable cause existed to issue a search warrant for Matthews' residence. See id.
 
 
 8
 Thus, defense counsel's decision not to file a motion to suppress the seized evidence was not "outside the wide range of professionally competent assistance." See Strickland, 466 U.S. at 687-90. Moreover, Matthews' has failed to show that, but for counsel's unprofessional errors, "there is a reasonable probability that the result of the proceeding would have been different." See id. at 692.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although the apartment manager incorrectly identified one of the suspects as actually being Matthews, the affiant in good faith relied upon this identification, and thus, this fact does not invalidate the affidavit. See United States v. Smith, 588 F.2d 737, 740 (9th Cir. 1978), cert. denied, 440 U.S. 939 (1979); see also United States v. Brown, 951 F.2d 999, 1002 (9th Cir. 1991)