105 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sambath SO, Defendant-Appellant.
 No. 96-50096.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1996.*
Decided Dec. 18, 1996.
 
 Before: PREGERSON, NELSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sambath So seeks habeas relief for his conviction of illegal firearms trafficking and false statements based on (1) the district court's denial of his motion to suppress evidence seized during a search of his residence, (2) a violation of his due process rights, and (3) the district court's admission of evidence as business records. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 1. Motion to Suppress
 
 3
 In reviewing a district court's denial of a motion to suppress, we review factual findings for clear error. United States v. Ramos, 923 F.2d 1346, 1355-56 (9th Cir.1991). We also give special deference to a trial court's credibility findings. Concrete Pipe & Prod. v. Construction Laborers Pension Trust, 508 U.S. 602, 623 (1993); Ramos, 923 F.2d at 1356.
 
 
 4
 The federal "knock and announce" statute, 18 U.S.C. § 3109,[1] requires law enforcement officers executing a search warrant to identify themselves and state their purpose before forcibly entering a building. Absent exigent circumstances, forcible entry is justified only when there is an explicit refusal of admittance or a lapse of a significant amount of time. United States v. Mendonsa, 989 F.2d 366, 370 (9th Cir.1993).
 
 
 5
 In its "Findings of Fact and Conclusions of Law," the district court concluded that ATF agents complied with § 3109 and that Agent Machonis's testimony was more credible than the defense witnesses' testimony.
 
 
 6
 Machonis testified that he waited at least forty-five seconds and repeated his knock and announce notice five times before forcibly entering the apartment. Ra Sok, So's girlfriend, testified that she was awakened by a loud commotion and her barking dog. Both Sok and So testified that when they got out of bed and entered the living room, ATF agents had already entered the apartment. This testimony is not inconsistent with Machonis's testimony. In fact, Sok's testimony suggests that a delay occurred between the knock and announce notice and the entry because So and Sok had enough time to awaken, get out of bed, and move into the living room.
 
 
 7
 Another defense witness, Rick Loeurm, who lived in an apartment one floor above So, testified that he never heard law enforcement officers announce their presence or purpose.[2] However, Loeurm's testimony is inconsistent with both defense and prosecution witnesses who agreed that an announcement was made although they differed as to the announcement's timing.
 
 
 8
 Thus, we conclude that the district court's findings of fact and the decision to credit Machonis's testimony over that of the defense witnesses was not clearly erroneous.[3]
 
 2. Due Process Rights
 
 9
 We review constitutional questions not raised before the district court only for plain error. United States v. Bracy, 67 F.3d 1421, 1431 (9th Cir.1995).
 
 
 10
 So claims that the prosecutor's statement that Dara Pan, a defense witness with outstanding arrest warrants, would be arrested after he testified, deprived him of his due process rights. On these facts we find no due process violation. First, So does not provide any evidence that Pan was aware of the prosecutor's statements. Furthermore, So does not provide evidence that Pan's failure to testify resulted from the prosecutor's statements. Second, even if So could prove that the prosecutor's comments drove Pan from the witness stand, we find no due process violation absent direct intimidation of a witness by the trial judge or prosecutor.[4] In this case, the prosecution never communicated with Pan.
 
 
 11
 Nevertheless, assuming arguendo that the prosecutor's statements drove Pan from the witness stand and amounted to a due process violation, they do not rise to the level of plain error. The plain error doctrine " 'authorizes the Court of Appeals to correct only particularly egregious errors ... that seriously affect the fairness, integrity or public reputation of judicial proceedings.' " Bracy, 67 F.3d at 1432 (quoting United States v. Young, 470 U.S. 1, 15 (1985)). "We will seldom find plain error when evidence against defendant is so strong that the absence of the prosecutor's misconduct would not have changed the verdict." United States v. Kessi, 868 F.2d 1097, 1107 (9th Cir.1989) (citation omitted).
 
 
 12
 Here, the evidence against So was so strong that even without the alleged prosecutorial misconduct, the integrity and public reputation of judicial proceedings remains unaffected. Bracy, 61 F.3d at 1432. The government's case included testimony from Simmons that he had sold numerous handguns to So and that he had observed him falsifying ATF 4473 forms using the name Se Meng Tang. A handwriting analysis also concluded that So had signed the name Se Meng Tang on the ATF forms. Testimony from UPS and other mail delivery personnel identified So as the person retrieving packages using a false identification card bearing the name Se Meng Tang. In addition, the ATF phone call analysis concluded that several phone calls occurred between Simmons and So. Finally, during the search of So's apartment, ATF agents recovered pay-owe sheets, gun manuals, and gun parts.
 
 
 13
 We find that the prosecutor's statements do not constitute misconduct. However, even if they were, we find that they do not rise to the level of plain error.
 
 3. Admission of Business Records
 
 14
 We review a district court's admission of evidence under exceptions to the hearsay rule for an abuse of discretion. United States v. Loera, 923 F.2d 725, 729 (9th Cir.), cert. denied, 502 U.S. 854 (1991).
 
 
 15
 Under Federal Rule of Evidence 803(6), business records are admissible if they are (1) made at or near the time of the event, (2) recorded by a person with knowledge, and (3) kept in the regular course of business. United States v. Bland, 961 F.2d 123, 127 (9th Cir.), cert. denied, 506 U.S. 858 (1992). Because these elements have been satisfied, we conclude that the district court did not abuse its discretion in admitting the gun sales documents as business records.
 
 
 16
 First, Simmons testified that the forms were completed at or near the time of the events described on each ATF Form 4473. Second, Simmons testified that he witnessed So signing the gun sale documents, thus the evidence shows the documents were recorded by a person with knowledge. Third, Simmons testified that it was his regular practice as a firearms dealer to make and maintain records of his gun sales. Furthermore, this court has held that incomplete business records are not necessarily inadmissible if they otherwise satisfy the 803(6) requirements. United States v. Foster, 711 F.2d 871, 882 (9th Cir.1983), cert. denied, 465 U.S. 1103 (1984) (stating "the accuracy of the remaining pages [of a business ledger] was not altered simply because ... [defendant] did not record every heroin sale that occurred"). Thus the missing dates on the gun sale documents do not render them inadmissible.
 
 
 17
 For these reasons the district court did not abuse its discretion in admitting the gun sales documents under FRE 803(6).
 
 
 18
 AFFIRMED.
 
 
 
 *
 This panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 3109 states:
 The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant.
 
 
 [2]
 Loeurm also stated that he only heard law enforcement officers entering So's apartment and So's complaints that his handcuffs were too tight
 
 
 [3]
 Because we find that ATF agents complied with § 3109, we need not reach the question of exigent circumstances
 
 
 [4]
 See Webb v. Texas, 409 U.S. 95, 97-98 (1972) (finding trial judge intimidated defense witness by constantly admonishing him on dangers of perjury); United States v. Little, 753 F.2d 1420, 1438 (9th Cir.1984) (finding no evidence that investigative telephone call by IRS agent to defense witness amounted to government interference)