132 F.3d 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio MIRANDA, Defendant-Appellant.
 No. 97-30041.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Dec. 18, 1997.
 
 Appeal from the United States District Court for the District of Oregon Owen M. Panner, District Judge, Presiding
 Before SNEED, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Antonio Miranda appeals his jury conviction and his 87-month sentence for conspiracy to distribute cocaine and heroin in violation of 21 U.S.C. §§ 841(a) and 846 and 18 U.S.C. § 2. We review de novo the mixed fact and law question of exigent circumstances justifying a failure to comply with the knock and announce requirement of 18 U.S.C. § 3109. See United States v. Mendonsa, 989 F.2d 366, 370 (9th Cir.1993) (citation omitted) We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 When executing a search warrant, law enforcement officers must knock, announce and be refused entry before forcibly entering a residence. See United States v. Turner, 926 F.2d 883, 886 (9th Cir.1991) (citing 18 U.S.C. § 3109). Miranda contends that the district court erred by finding that exigent circumstances justified the agents' forced entry five seconds after they knocked and announced their presence. This contention lacks merit because, under the facts of this case, the law enforcement agents reasonably believed that they would be endangered if they waited longer than five seconds after knocking and announcing. See Turner, 926 F.2d at 886 (stating that exigent circumstances excuse noncompliance with the knock and announce requirement where a law enforcement officer reasonably believes that compliance would place him or his associates in physical peril); Mendonsa, 989 F.2d at 370 (stating that forced entry within three to five seconds of announcement is permissible when specific inferences of exigency exist)
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3