UNITED STATES of America,
Plaintiff–Appellee,

v.

Thomas Joseph SKAVINSKY,
Jr., Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Thomas Joseph Skavinsky, Sr.,
Defendant–Appellant.

Nos. 00–10153, 00–10373.
D.C. No. CR–98–00601–ROS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 2001.

Decided July 12, 2001.

Before GOODWIN, GRABER, and MCKEOWN, Circuit Judges.

### MEMORANDUM *

Appellants Thomas J. Skavinsky, Sr., and Thomas J. Skavinsky, Jr., appeal their convictions for distribution and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). Skavinsky, Jr., also appeals his sentence.

Skavinsky, Sr.

Skavinsky, Sr., appeals the district court's denial of his motion to suppress evidence discovered pursuant to the search conducted at his home on June 26, 1997. He argues that exigent circumstances did not exist that would justify executing the warrant before knocking and announcing the presence of police officers.

The district court detailed five facts that it found combined to support a determination of exigency. The facts found by the district court and relied upon by the officers contribute to the officers' reasonable belief that they or the defendants would be endangered by an ordinary knock-and-announce search. Where specific facts give rise to a reasonable suspicion that knocking or announcing would be

dangerous or futile, exigent circumstances exist. *See United States v. Reilly,* 224 F.3d 986, 991 (9th Cir.2000) (exigent circumstances exist where officers know that resident is suspected drug dealer, has violent criminal history, may be armed, and might have known of officers' presence).

This is not a case like *United States v. Becker,* 23 F.3d 1537, 1541 (9th Cir.1994), or *United States v. Mendonsa,* 989 F.2d 366, 370–71 (9th Cir.1993), where officers relied upon general suspicion about drug arrests. Accordingly, we conclude that the district court did not err in denying the motion to suppress.

Skavinsky, Jr.

Skavinsky, Jr., contends that the district court erred by not admitting his polygraph examination and results under FED. R. EVID . 702, thus denying him a meaningful opportunity to present a complete defense. The district court, however, excluded the polygraph evidence under FED.R.EVID. 403 as well. Skavinsky, Jr., failed to challenge the exclusion under Rule 403 on appeal. As we observed in *United States v. Benavidez–Benavidez,* "[t]he district court's exclusion of the polygraph evidence under FED.R.EVID. 403 is, standing alone, sufficient. As we noted in discussing this very issue a quarter-century ago, 'a trial court will rarely abuse its discretion by refusing to admit the evidence, even for a limited purpose and under limited conditions.' " 217 F.3d 720, 725 (9th Cir.) (quoting *United States v. Marshall,* 526 F.2d 1349, 1360 (9th Cir. 1975)), *cert. denied,* 531 U.S. 903, 121 S.Ct. 242, 148 L.Ed.2d 174 (2000). The district court did not abuse its discretion in excluding the polygraph evidence.

Skavinsky, Jr., next argues that the district court erred in finding that he "did

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

jointly undertake the activity such that he should be responsible for all the plants that were found in the house," increasing the quantity of marijuana attributable to him. Sentencing Guideline § 1B1.3 includes in the definition of relevant conduct "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and ... all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(A)-(B).

The district court based its finding on the fact that Skavinsky, Jr., owned the house in which the plants were found, took marijuana from the residence and shared it with friends, shared marijuana at the residence with at least one regular visitor, and had a criminal record involving growing, possessing, and distributing marijuana in connection with a similar cultivation system set up in the same house that he shared with his father. Based on our review of the record, we conclude that the district court did not clearly err in establishing that Skavinsky, Jr.'s relevant conduct included all the marijuana found in his house.

■ Skavinsky, Jr., also contends that the district court applied the wrong burden of proof in his trial, thus depriving him of the presumption of innocence. Appellant's argument is based only on an ambiguous reference in a hypothetical question from the bench during closing arguments. By contrast, the court explicitly stated, when finding Skavinsky, Jr., guilty after the bench trial: "And I have found that you are guilty beyond a reasonable doubt of count 2." In addition, when finding him not guilty of count 1 the day before, the court stated "but there's no evidence of conspiracy here, not enough for the court to find beyond a reasonable doubt." In view of the fact that the district court stated the correct burden of proof at the time of judgment on both counts, we conclude that the district court did not apply the wrong burden of proof in Skavinsky, Jr.'s trial.

■ Finally, Skavinsky, Jr., argues that there was insufficient evidence to convict him. Viewed in the light most favorable to the prosecution, the evidence before the court showed that (1) title to the Skavinsky residence was in Skavinsky, Jr.'s name since 1988; (2) the residence contained a sophisticated growing system including up to 91 marijuana plants; (3) over a two-year period, Skavinsky, Jr., took marijuana from the residence and shared it with friends; and (4) he shared marijuana at the residence with at least one regular visitor.

A rational jury could infer that he knowingly and intentionally aided his father's cultivation and possession of the marijuana. The evidence to the contrary is either inconclusive or entirely dependent on Skavinsky Jr.'s credibility. Alternatively, a rational jury could infer from the same facts that he had possession and control over the marijuana-growing operation. Thus, there was sufficient evidence to convict Skavinsky, Jr., of distribution and possession with intent to distribute marijuana.

AFFIRMED.