UNITED STATES of America,
Plaintiff—Appellee,

v.

William Lawrence JONES,
Defendant—Appellant.

No. 02–50373.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 2003.*

Decided Nov. 13, 2003.

Ronald L. Cheng, Esq., Karen I. Meyer, AUSA, USLA–Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Philip Deitch, Esq., Los Angeles, CA, for Defendant–Appellant.

Before: B. FLETCHER, RYMER, and GRABER, Circuit Judges.

MEMORANDUM **

After the district court denied Defendant–Appellant William Jones's motion to suppress evidence found during a search of his apartment pursuant to a search warrant, Jones conditionally pled guilty to two counts of possession of cocaine and cocaine base with intent to distribute. Jones appeals the district court's denial of his motion to suppress, arguing that the search warrant was not supported by probable cause and the exception for good faith, reasonable reliance on a facially valid search warrant does not apply. *See United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Because the parties are familiar with the facts, we recite here only those facts necessary to explain our decision.

## I. Standard of Review

The district court's denial of the motion to suppress is reviewed de novo. *United States v. Wright*, 215 F.3d 1020, 1025 (9th Cir.2000). The issuance of the search warrant is reviewed for clear error. *Id.*

## II. Discussion

Defendant argues that the affidavit does not support a finding of probable cause because the informants' reliability and veracity were not established, the surveillance observations are not sufficient corroboration, the information was stale, and the affidavit did not connect the evidence sought with the places to be searched. Defendant artificially parses the affidavit and argues that each portion is insufficient. However, probable cause analysis is not a mechanical, multi-pronged test; it is a practical, common-sense determination. *Illinois v. Gates*, 462 U.S. 213, 230–40, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The issuing judge's determination must be upheld if, under the totality of the circumstances, he had a substantial basis to conclude that the search would uncover evidence of wrongdoing. *Id.* at 238. The information set forth in the search warrant affidavit provides ample information to give the issuing judge a substantial basis to conclude that the search was likely to uncover evidence of drug trafficking.

An anonymous tip alone is not sufficient to support probable cause. *United States v. Mendonsa*, 989 F.2d 366 (9th Cir.1993). However, here the affidavit states that important details relating to Jones's illegal activities, such as his nickname and cellular telephone number, were corroborated. Moreover, the surveillance observations alone would be sufficient to establish probable cause. The affidavit states that police observed discreet, hand-to-hand transactions of small objects that were consistent with drug transactions. These statements provide direct and specific information suggesting that Jones was engaging in illegal behavior. The information in the affidavit was not stale, in fact much of it was quite recent.

Defendant argues that the affidavit did not provide sufficient information to establish that evidence likely would be found at the locations searched. The affidavit documents that the apartment where the evidence was seized was one of Jones's residences. We have previously noted that "in the case of drug dealers, evidence is likely to be found where the dealers live." *United States v. Gil*, 58 F.3d 1414, 1418–19 (9th Cir.1995) (internal quotation marks omitted); *United States v. Angulo–Lopez*, 791 F.2d 1394, 1399 (9th Cir.1986).

Because we find that the search warrant was supported by probable cause, we do not address whether the exception for good faith, reasonable reliance on a facially valid search warrant applies under *Leon*, 468 U.S. at 897.

## III. Conclusion

The affidavit supporting the search warrant provides sufficient evidence of wrongdoing to support a finding of probable cause. Therefore, the decision of the district court is AFFIRMED.