UNITED STATES of America,
Plaintiff—Appellee,

v.

Hector Daniel GARCIA, aka Hector Perez, aka Hector Tanyo Perez, aka Gato,
Defendant—Appellant.

No. 03–50497.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 2004.

Decided Dec. 20, 2004.

---

Robert McGahan, AUSA, Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Danà Cephas, AFPD, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: WALLACE, T.G. NELSON, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Garcia appeals from his judgment of conviction in which he was found guilty of being a felon in possession of ammunition in violation of 21 U.S.C. § 841(a), possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a), possession of methamphetamine with intent to distribute in violation of 21 U.S.C.

§ 841(a), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). The district court had jurisdiction pursuant to 18 U.S.C. § 3231 and we have jurisdiction over this timely appeal under 28 U.S.C. § 1291. We affirm.

Garcia challenges the search warrant pursuant to which incriminating evidence was found in his home. We need not determine whether the affidavit was sufficient if the good faith exception applies. *United States v. Leon,* 468 U.S. 897, 926, 104 S.Ct. 3405, 82 L.Ed.2d 677(1984). Garcia asserts that there are two reasons why it does not.

■ First, Garcia contends that the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon,* 468 U.S. at 923, 104 S.Ct. 3405 (internal quotation marks and citations omitted). In evaluating this argument, our inquiry "is whether the affidavit was sufficient to create disagreement among thoughtful and competent judges as to the existence of probable cause." *United States v. Fowlie,* 24 F.3d 1059, 1067 (9th Cir.1994) (internal quotation marks and citations omitted). This is not a case where "the affidavit offers no hint as to why the police wanted to search this residence." *United States v. Hove,* 848 F.2d 137, 139–40 (9th Cir.1988). Even if the factors cited in Walsh's affidavit were "insufficient to establish probable cause, [they were] not irrelevant to that determination." *United States v. Clark,* 31 F.3d 831, 835 (9th Cir.1994). "There was enough information so that objectively reasonable officers were entitled to rely on the magistrate judge's determination." *Id.*

■ Second, Garcia asserts that the magistrate judge "was misled by informa-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

of this circuit except as provided by Ninth Circuit Rule 36–3.

tion in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth." *Leon,* 468 U.S. at 923, 104 S.Ct. 3405, *citing Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). But any misstatements relating to the informant were immaterial. Garcia has not identified any omissions at all, and he has not shown that any other statements in the affidavit were false, much less that they were intentionally or recklessly made. *See United States v. Mendonsa,* 989 F.2d 366, 369 (9th Cir.1993) (immaterial omissions in affidavit did not preclude officers from relying on warrant in good faith).

Garcia also requests us to examine the sealed transcript of the in camera hearing and moves to unseal the transcript. We have examined the transcript and agree with the district judge that "there was no misstatement made, that [Deputy Walsh] did not possess any information which, had that information been disclosed, would have in any way affected the determination of the judge issuing the warrant." The district court did not abuse its discretion in finding that Walsh's explanation of why he erroneously identified the informant as anonymous was credible, and in finding that there were no material omissions or misstatements in the affidavit. The motion to unseal the transcript is denied.

■ Finally, the district court did not err in denying the requested *Franks* hearing. First, the informant's tip was immaterial. Striking the entire paragraph in the affidavit describing the informant's tip, the affidavit still alleges that 1) Walsh and Brewster viewed suspicious traffic at 3990 Alma Ave.; 2) Walsh believed this traffic to be consistent with narcotics activity; and 3) a man going by the name of Gato, who was in a gang and was on probation for a narcotics offense, lived at the residence. The tip simply corroborates these same facts, and adds nothing new. Thus, no *Franks* hearing was required to test the veracity, identity, or existence of the informant. *See United States v. Jaramillo–Suarez,* 950 F.2d 1378, 1387 (9th Cir. 1991) (holding that no in camera hearing is required when "the challenged statements are not necessary to a finding of probable cause").

■ Second, Garcia argues that he was entitled to a *Franks* hearing because the cross-examination of Walsh by the district court and by Garcia's counsel was inadequate to test Walsh's veracity. Although Garcia points to Walsh's waffling on the issue of whether the informant was anonymous, this does not constitute a "substantial preliminary showing" that Walsh deliberately or recklessly misrepresented any information in the affidavit. At most, what Garcia has shown is that Walsh was negligent in his communications with the government, which occurred *after* the warrant was issued and executed. Thus, no *Franks* hearing was required to cross-examine Walsh.

AFFIRMED.