**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Rebecca Ann STABER, Defendant—
Appellant.**

**United States of America,
Plaintiff—Appellee,**

v.

**David Toro Chase, Defendant—
Appellant.**

**United States of America,
Plaintiff—Appellee,**

v.

**Ronnie Joseph Staber, Defendant—
Appellant.**

**Nos. 04–30024, 04–30025.
No. 04–30033.
D.C. No. CR–03–00028–DWM.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 1, 2004.

Decided Jan. 10, 2005.

Joshua A. Van De Wetering, Esq., USMI–Office of the U.S. Attorney, Missoula, MT, Lori Harper Suek, Esq., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Kathleen L. Desoto, Esq., Garlington Lohn & Robinson, PLLP, Joshua A. Van De Wetering, Esq., USMI–Office of the U.S. Attorney, Andrew J. Nelson, Esq., Smith & Thiel Law Offices, Missoula, MT, Todd D. Glazier, Esq., Kalispell, MT, for Defendants–Appellants.

Before ALARCÓN, W. FLETCHER, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Appellant Rebecca Staber entered a conditional plea of guilty to a charge of maintaining a premises for manufacturing methamphetamine in violation of 21 U.S.C. § 856(a)(2). Appellant Ronnie Staber entered a conditional plea of guilty to conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. Appellant David Chase entered a conditional plea of guilty

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to two charges of conspiracy to manufacture methamphetamine in violation of §§ 841(a)(1), 841(b)(1)(C), and 846, as well as one charge of knowing possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(B)(i). All the appellants appeal from the district court's rejection of their motion to suppress evidence seized during the execution of a search warrant (the "Mount Avenue" warrant) on February 18, 2003. Appellant Chase also appeals from the district court's order denying his motion to suppress evidence seized during the execution of a search warrant (the "Twilight Lane" warrant) at his residence in Frenchtown, Montana on October 4, 2001. Finally, Mr. Chase appeals from the district court's drug quantity determination at his sentencing hearing.

I

A. Mr. Chase's *Franks* challenge to the Twilight Lane Warrant

To prevail on a *Franks*[1] challenge, a defendant must satisfy the district court by a preponderance of the evidence that the affiant (1) deliberately or recklessly included in the warrant's supporting affidavit (2) misstatements or omissions, and (3) that a redacted or supplemented affidavit would not support the magistrate's probable cause determination. *United States v. Hall,* 113 F.3d 157, 159 (9th Cir.1997); *United States v. Stanert,* 762 F.2d 775, 782 (9th Cir.1985). A district court's "findings whether any statements were false or omitted and whether any such statements were intentionally or recklessly made" are reviewed for clear error. *United States v. Elliott,* 322 F.3d 710, 714 (9th Cir.2003) (citation omitted). We review *de novo* "[w]hether probable cause is lacking because of alleged mis-

statements or omissions in the supporting affidavit." *Id.* (alteration in original) (citation omitted).

Mr. Chase argues that the Twilight Lane supporting affidavit misleadingly implies that the audio recording of Mr. Auker's wire was audible when, in fact, about 90 percent of the audio was inaudible because of poor transmission from Mr. Auker's wire. By failing to disclose that the audio recording was largely inaudible, Mr. Chase argues that Agent Haeney falsely suggested that he had independently corroborated the information provided by Mr. Auker, a criminal informant who had a strong motivation to shift the blame from himself to Mr. Chase. Mr. Chase argues that if Agent Haeney had disclosed the fact that the audio was largely inaudible and had been destroyed for that reason, the supporting affidavit would not create probable cause.

■ While we agree that Mr. Auker's information required independent corroboration, we do not agree with Mr. Chase's contention that the only reliable corroboration had to come from the audio tape. The district court found that Agent Haeney credibly testified that he could hear portions of the conversation transmitted by the wire, which he accurately recorded in his notes. Agent Haeney's testimony was supported by the testimony of Detective Lewis, which the district court also found credible. The affidavit's account of the conversation is reflected in Agent Haeney's notes. Since these notes were based on what Agent Haeney could hear on the wire, not on what Mr. Auker told him at the debriefing, the information provided by Mr. Auker was independently corroborated.

---

1. *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

## B. Collateral Estoppel

■ Mr. Chase argues that the district court was precluded by collateral estoppel from reconsidering the validity of the Twilight Lane warrant after a state court found the warrant lacked probable cause. We agree with the district court that the state court suppression order was not entitled to preclusive effect because the federal government was not a party to, or in privity with a party to, the prior state prosecution.

■ Mr. Chase maintains that, even if the district court properly applied collateral estoppel doctrine, state law nevertheless should control whether evidence seized under a warrant issued by a state court judge is admissible in federal court where state law provides broader privacy protection than that afforded under federal law. We disagree. "[E]vidence seized in compliance with federal law is admissible [in federal court] without regard to state law." *United States v. Chavez–Vernaza*, 844 F.2d 1368, 1374 (9th Cir.1987) (citation omitted).

## II

At the *Franks* hearing, Appellants challenged the supporting affidavit for the 2013 Mount Avenue warrant, arguing that the affidavit contained several deliberate or reckless misstatements and omissions which, when excised or corrected, defeated probable cause.

■ We conclude that Appellants' *Franks* challenge to the Mount Avenue warrant fails because the information provided by Sara Pfaff, which Appellants do not challenge,[2] created a "fair probability or substantial chance of criminal activity."

*United States v. Bishop*, 264 F.3d 919, 924 (9th Cir.2001) (citation omitted). Ms. Pfaff, a citizen-informant, told Officer McLean and Agent Haberlock in separate interviews that her former boyfriend, Ronnie Staber, was manufacturing and selling methamphetamine. Mr. Staber and his roommate Dave, Ms. Pfaff said, lived at 2013 Mount Avenue along with Dave's girlfriend Rebecca Staber. Ms. Pfaff described the cars Ronnie and Dave were driving, which Agent Haeney confirmed were parked at 2013 Mount Avenue.

"A citizen informant's veracity may be established by the absence of an apparent motive to falsify and independent police corroboration of the details provided by the informant." *United States v. Angulo–Lopez*, 791 F.2d 1394, 1397 (9th Cir.1986) (citation omitted). Appellants have failed to demonstrate that Ms. Pfaff had a motive to falsify the information she provided Officer McLean and Agent Haberlock. Appellants note that Sara Pfaff learned the information she related to the officers secondhand from Mr. Staber. "If the basis of the informant's knowledge is not personal knowledge but hearsay, the hearsay must carry indicia of reliability both as to the veracity of the original source and the basis of the latter's knowledge." *Id.* (citation omitted). Here, the veracity of Mr. Staber's statements to Ms. Pfaff may be established because they constitute admissions against penal interest. *Id.* (noting that "[v]eracity also may be established through admissions against penal interest") (citation omitted).

Relying on this Court's decision in *United States v. Mendonsa*, 989 F.2d 366 (9th Cir.1993), Appellants stress that the officers in this case corroborated only an inno-

---

**2.** We recognize that Appellants contest whether, as the affidavit asserts, Ms. Pfaff informed Agent Haberlock that she personally observed guns and precursor chemicals near the room where the methamphetamine was located. We therefore disregard this portion of the affidavit for purposes of this analysis.

cent, static detail concerning the information provided by Ms. Pfaff, namely, the fact that cars matching the descriptions Ms. Pfaff provided were parked at 2013 Mount Avenue. We disagree that *Mendonsa* is controlling.

In sharp contrast to the anonymous informant in *Mendonsa*, Sara Pfaff was a known, citizen-informant who lacked an apparent motive to provide officers with false information. Under these circumstances, police corroboration, if any, did not need to satisfy the criteria articulated by *Mendonsa*. Because Ms. Pfaff's information alone created probable cause to search the Mount Avenue address, the alleged misstatements and omissions identified by Appellants are immaterial. *See United States v. Jordan*, 291 F.3d 1091, 1100 (9th Cir.2002) (stating that defendant "must show that after setting aside any such misstatements and omissions, there would not be probable cause for the search warrant").

### III

Mr. Chase argues that the district court erred in calculating the drug quantity attributable to Mr. Chase's Inspiration Drive lab for purposes of sentencing. Mr. Chase's sentence was imposed prior to the United States Supreme Court's decision in *Blakely v. Washington*, —— U.S. ——, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Therefore, we remand Mr. Chase's case to the district court for consideration of the calculation of the drug quantity in light of *Blakely*. We express no view regarding the application of *Blakely* to the district court's sentencing decision.

### Conclusion

The district court's denial of Mr. Chase's motion to suppress evidence seized in execution of the Twilight Lane warrant is AFFIRMED. The district court's denial of appellants' motion to suppress evidence seized in execution of the Mount Avenue warrant also is AFFIRMED. We REMAND Mr. Chase's case for resentencing.