**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY JOHN FARRIS, III, | No. 08-16403 |
| Petitioner - Appellant, | D.C. No. 1:04-cv-01758-GEB-KJM |
| v. | |
| GEORGE STRATTON, Acting Warden; SCOTT M. KERNAN, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Submitted June 15, 2010[**]
San Francisco, California

Before: O'SCANNLAIN, TASHIMA, and BEA, Circuit Judges.

Larry John Farris, III, pled guilty in state court to two counts of robbery and

admitted use of a firearm in exchange for a stipulated sentence of fourteen years.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

He did not appeal his conviction. After unsuccessfully pursuing state postconviction relief, Farris filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254, claiming ineffective assistance of counsel. The district court, adopting the findings and recommendations of the magistrate judge, denied his petition. The district court granted a certificate of appealability and Farris timely appealed.

The state court did not unreasonably conclude that Farris failed to establish prejudice from counsel's performance. *See* 28 U.S.C. § 2254(d)(1)-(2); *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Farris presented no evidence before the state court that he would not have pled guilty but for counsel's alleged errors. *See Hill v. Lockhart*, 474 U.S. 52, 59 (2005). Even considering the testimony presented at the federal evidentiary hearing, *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 n.2 (2009), the state court's conclusion was not unreasonable.

Moreover, Farris has not established that counsel performed deficiently. *Strickland*, 466 U.S. at 687. Farris argues that counsel should have filed a motion to suppress because some of the evidence against him was discovered pursuant to an invalid search warrant. But it is apparent counsel decided not to file the motion for strategic reasons, which are "virtually unchallengeable." *Strickland*, 466 U.S. at 690. Furthermore, counsel's strategy was reasonable. The prosecutor would

2

likely have withdrawn a favorable plea offer upon the filing of a motion to suppress, and that motion had little chance of success because of the good faith exception to the exclusionary rule. *United States v. Mendonsa*, 989 F.2d 366, 367-70 (9th Cir. 1993).

For these reasons, the judgment of the district court is **AFFIRMED.**