**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD BRUBAKER; BARBARA STAPLETON,<br><br>     Plaintiffs-Appellees,<br><br> v.<br><br>CITY OF TUCSON, a municipal corporation; et al.,<br><br>     Defendants-Appellants. | No. 18-15742<br><br>D.C. No.<br>4:10-cv-00649-DCB-BPV<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted February 8, 2019
Phoenix, Arizona

Before: HAWKINS, M. SMITH, and HURWITZ, Circuit Judges.

In this 42 U.S.C. § 1983 action, Richard Brubaker claims that two police

officers violated the Fourth Amendment by deceptively obtaining a warrant to search

his home. The district court denied the officers' summary judgment motion seeking

qualified immunity. We have jurisdiction over the officers' interlocutory appeal of

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the district court order under 28 U.S.C. § 1291 and affirm.

1.      The affidavit submitted in support of the application for the search warrant represented that Tucson police officers encountered Donald Deal "in the area of a residence that we have received information from concerned citizens that they were selling narcotic drugs."  Although the quoted statement is hardly a model of clear draftsmanship, its obvious import is that the officers had received complaints about drug sales *at* the Brubaker residence.   That statement is inaccurate. Complaints about drug sales in the general area in which Deal was arrested may have been received, but no prior complaint involved Brubaker's home.

2.      The district court found a material issue of fact existed as to whether the officers intentionally lied or made the statement with reckless disregard for the truth.  We cannot review that finding in this interlocutory appeal.  *See Eng v. Cooley*, 552 F.3d 1062, 1067 (9th Cir. 2009) ("A district court's determination that the parties' evidence presents genuine issues of material fact is categorically unreviewable on interlocutory appeal.").  Thus, the remaining issue for resolution is whether "the affidavit, once corrected and supplemented, would provide a magistrate with a substantial basis for concluding that probable cause existed."  *United States v. Stanert*, 762 F.2d 775, 782 (9th Cir. 1985).  The corrected affidavit would have informed the magistrate only that Deal, with whom the officers had never previously interacted and whose version of events was not corroborated, identified Brubaker's

residence as the place where he had unsuccessfully attempted to buy drugs. That is insufficient to establish probable cause to search a home. *See United States v. Mendonsa*, 989 F.2d 366, 369 (9th Cir. 1993) (finding no probable cause when an informant without a track record provided an uncorroborated tip that the defendant was selling drugs in his home).

**AFFIRMED.**