105 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Howard BROOMFIELD, Defendant-Appellant.
 No. 96-50050.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1996.*
Decided Jan. 13, 1997.
 
 Before: GOODWIN, WIGGINS, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant-appellant Howard Broomfield entered a conditional plea of guilty to one count of violating 18 U.S.C. § 922(g), the statute prohibiting felons from possessing firearms. He was sentenced to 100 months imprisonment. Broomfield appeals his conviction and his sentence. We affirm.
 
 I.
 
 3
 Broomfield contends Section 922(g) is unconstitutional under the United States Supreme Court's recent decision in United States v. Lopez, 514 U.S. 549, 115 S.Ct. 1624 (1995). The constitutionality of a statute is a question of law reviewed de novo. United States v. Sahhar, 56 F.3d 1026, 1028 (9th Cir.), cert. denied, 116 S.Ct. 400 (1995).
 
 
 4
 Lopez held that the Gun-Free School Zones Act of 1990 ("the Act") was unconstitutional because it exceeded Congress's authority under the Commerce Clause. The Act made it a federal offense "for any individual knowingly to possess a firearm at a place that the individual knows, or has reasonable cause to believe, is a school zone." Lopez, 514 U.S. at ----, 115 S.Ct. at 1626 (quoting 18 U.S.C. § 922(q)(1)(A)). The Court found the Act must be sustained, if at all, as a regulation of an activity that substantially affects interstate commerce. Id. at 1630.
 
 
 5
 After concluding that the Act could not be sustained under precedent upholding regulation of activities arising out of or connected with commercial transactions substantially affecting interstate commerce, the Court turned to the statute's failure to contain a jurisdictional element. "[The Act] contains no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce." Id. at 1631. As a result, the Court invalidated the statute.
 
 
 6
 Unlike the Gun-Free School Zones Act, Section 922(g) requires that the firearm have been at some time in interstate commerce. In United States v. Hanna, 55 F.3d 1456, 1462 (9th Cir.1995), we relied on the satisfaction of this jurisdictional element and rejected a post-Lopez constitutional challenge to Section 922(g).
 
 
 7
 Here, the facts show the SWD International M-11 found in Broomfield's house was manufactured in Atlanta, Georgia. Thus, the gun had to travel in interstate commerce to reach Broomfield in California. Following Hanna, we reject Broomfield's contention that Section 922(g) is unconstitutional.
 
 II.
 
 8
 Broomfield contends the search warrant for his residence was issued without probable cause. He contends the district court should have suppressed the evidence seized during the search of his residence. We review de novo the district court's decision to deny Broomfield's motion to suppress. United States v. Clark, 31 F.3d 831, 834 (9th Cir.1994), cert. denied, 115 S.Ct. 920 (1995).
 
 
 9
 Reviewing the magistrate judge's issuance of the search warrant for clear error, United States v. Mendonsa, 989 F.2d 366, 368 (9th Cir.1993), the district court concluded that the magistrate judge had probable cause to issue the search warrant for Broomfield's residence. Like the district court, we must determine whether the magistrate judge had a substantial basis for concluding that the affidavit in support of the warrant established probable cause. Illinois v. Gates, 462 U.S. 213, 238-39 (1983); United States v. Brown, 951 F.2d 999, 1002 (9th Cir.1991). "A magistrate judge may issue a search warrant if, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular location." United States v. Clark, 31 F.3d at 834 (citing Illinois v. Gates, 462 U.S. at 238).
 
 
 10
 The search warrant for Broomfield's residence was issued on the basis of an affidavit of a Bureau of Alcohol, Tobacco, and Firearms ("ATF") special agent. The ATF agent testified that he had been told by various sources (i.e., confidential informants, gang associates) that Broomfield was making PCP in Arkansas and then shipping it by van to southern California for sale. These sources also told the ATF agent that Broomfield often carried concealed firearms for protection. From this information, the ATF agent concluded that evidence of narcotics trafficking, firearms, and/or other contraband could be found at Broomfield's residence.
 
 
 11
 Under the totality of the circumstances, we do not conclude that the magistrate judge's determination that there was a fair probability that contraband or other evidence of illegal activity would be found at Broomfield's residence was clearly erroneous. The magistrate judge was entitled to draw reasonable inferences about where evidence of the illegal activity described by the ATF agent's testimony might be kept. United States v. Garza, 980 F.2d 546, 551 (9th Cir.1992) ("Based on the nature of the evidence and the type of offense, a magistrate may draw reasonable inferences about where evidence is likely to be kept."); see also United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir.1986) ("In the case of drug dealers, evidence is likely to be found where the dealers live."). We conclude there was a substantial basis for the magistrate judge's conclusion that the affidavit in support of the warrant established probable cause. Thus, the district court did not err in denying Broomfield's motion to suppress.
 
 III.
 
 12
 Broomfield contends the district court improperly calculated his criminal history category because it relied on a drug possession charge that should have been disregarded. We review the district court's interpretation and application of the sentencing guidelines de novo. United States v. Oliver, 60 F.3d 547, 554 (9th Cir.1995).
 
 
 13
 Even if we assume arguendo that Broomfield is correct, the district court's sentence may be affirmed. Broomfield's sentencing range of 87 to 108 months was calculated from an Offense Level score of 27 and Criminal History Category III. Broomfield was placed in Category III because he received 5 criminal history points. Even if the drug possession conviction is disregarded, Broomfield remains in Category III because the number of criminal history points is only reduced from 5 to 4. U.S.S.G. § 4A1.1. Category III covers criminal history point values from 4 to 6. Id. Ch. 5, Pt. A. As a result, we conclude that this case need not be remanded for resentencing.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3