UNITED STATES of America,
Plaintiff–Appellee,

v.

Victor BAZUAYE, aka Victor Austin;
Abdullahi NMN Mohammed,
Defendant–Appellant.

No. 99–50544.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2000.

Filed Feb. 20, 2001.

Cara DeVito, West Hills, California, for the defendant-appellant.

Jeffery M. Rawitz, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

Before: D.W. NELSON, BRUNETTI, and KOZINSKI, Circuit Judges.

D.W. NELSON, Circuit Judge:

Victor Bazuaye appeals his conviction for money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and the district court's decision to deny a sentence reduction for acceptance of responsibility. Bazuaye argues (1) a rational trier of fact could not have concluded from the stipulated facts that the money laundering transaction at issue affected interstate commerce, and (2) the district court erred in denying a sentence reduction for acceptance of responsibility where the defendant pleaded guilty on two counts and agreed to a bench trial with stipulated facts on the third charge. We hold that there was substantial evidence of a nexus with interstate commerce based on the district court's reasonable inference from the stipulated facts that banking channels were used in processing the stolen check. We also conclude that the district court did not clearly err in denying a sentence reduction for acceptance of responsibility based on the defendant's false statements to the probation office. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 13, 1998, Victor Bazuaye was indicted for mail fraud, possession of stolen mail, and money laundering in violation of 18 U.S.C. §§ 1341, 1708, and 1956(a)(1)(A)(i). Bazuaye initially pleaded not guilty to all charges, but in August 1998, he entered into a plea agreement in which he pleaded guilty to mail fraud and possession of stolen mail and agreed to a bench trial on the money laundering charge.

As part of the plea agreement, Bazuaye stipulated to the following facts:

In September 1995, Novus Services, Inc. ("Novus"), mailed a pre-approved Discover credit card application to Joanna Shen. Bazuaye obtained the application knowing it had been stolen from the mail. He then acquired Shen's personal information and used it, in conjunction with erroneous employment information, to complete the Discover card application.

Before the Discover card was issued, Bazuaye contacted Novus and informed them that Shen had moved to another address. The new address was actually a mailbox that Bazuaye had rented for the purpose of receiving fraudulently obtained credit cards. Based on the information provided by Bazuaye, Novus issued a Discover card to Joanna Shen with a credit limit of $2,000 and sent it to Bazuaye's mail box. Bazuaye admitted that by engaging in this activity he "knowingly engaged in a scheme to obtain money by means of false pretenses, promise or representation with the intent to defraud."

In November 1995, Bazuaye obtained three "convenience checks" that were sent to Trang Nguyen by his credit card company MBNA, knowing that these checks were stolen from U.S. mails. In February 1996, Bazuaye charged approximately $2,000 on the Shen Discover credit card. After exhausting the credit limit, Bazuaye paid off the debt with one of the MBNA convenience checks so that he could restore the available credit and take additional fraudulent cash advances.

Novus received the MBNA convenience check, immediately credited $2,000 to the Shen credit card account, and then forwarded the convenience check to MBNA for payment. After receiving notice from MBNA that the check would not be honored, Novus immediately debited $2,000 from the Shen account; however, during the intervening week, Bazuaye had fraudulently charged another $2,000 on the Shen Discover card.

This is the extent of the stipulated facts. During the trial, the government presented evidence to supplement the record on the interstate commerce element of the money laundering charge. The district court received this evidence subject to briefing and additional oral argument about whether the evidence was appropriate given the parties' agreement to proceed based on the stipulated facts. Before the district court could rule on this issue, however, the government withdrew the evidence and agreed to proceed based only on the stipulated facts. On April 29, 1999, the district court issued a minute order denying Bazuaye's motion to dismiss and finding him guilty of money laundering.

At the sentencing phase the prosecution sought an upward adjustment under U.S.S.G. § 3C1.1 for obstruction of justice based on false statements Bazuaye had made to the probation office regarding his citizenship. Bazuaye opposed the upward adjustment and requested a three-point reduction under § 3E1.1 for acceptance of responsibility because he pleaded guilty to counts one and two and agreed to a bench trial on stipulated facts for count three.

The district judge determined that Bazuaye's false statements did not constitute obstruction of justice because the subject matter of the lies had "at best, tangential materiality" to the charge. Nevertheless, he held that Bazuaye's false statements precluded a reduction for acceptance of responsibility because they were "inconsistent with a sincere acceptance of responsibility."

Bazuaye was sentenced to 57 months in prison on each of the three counts, to run concurrently; five years supervised release; and $329,861.80 in restitution. He filed a timely notice of appeal.

## II. STANDARD OF REVIEW

■ We review a challenge to the sufficiency of the evidence in a criminal conviction for substantial evidence. *See United States v. Douglass*, 780 F.2d 1472, 1476 (9th Cir.1986). There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution and drawing all reasonable inferences, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See United States v. Deeb*, 175 F.3d 1163, 1168 (9th Cir.1999); *United States v. Cusino*, 694 F.2d 185, 187 (9th Cir.1982).

■ A district court's decision about whether a defendant has accepted responsibility is a factual determination reviewed for clear error. *See United States v. Fleming*, 215 F.3d 930, 939 (9th Cir.2000). As the Sentencing Guidelines make clear: "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, cmt. n. 5.

## III. DISCUSSION

■ In any money laundering prosecution, "[a] nexus with interstate commerce is both a jurisdictional requirement and an essential element of the offense." *United States v. Ladum*, 141 F.3d 1328, 1339 n. 2 (9th Cir.1998). The statute provides:

(a)(1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity-

(A)(i) with the intent to promote the carrying on of specified unlawful activity;

. . .

shall be sentenced . . . .

18 U.S.C. § 1956. A "financial transaction" is defined as a payment, transfer, or delivery to a financial institution that (A) "in any way or degree affects interstate or foreign commerce," or (B) "involv[es] the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree." 18 U.S.C. § 1956(c)(4).

### A. Sufficiency of the Evidence

■ The money laundering transaction in this case allegedly occurred when Bazuaye used a check issued by one credit card company to pay off the balance on a credit card issued by another company. Bazuaye argues that the stipulated facts did not amount to sufficient evidence that this transaction involved interstate commerce. The factual record was limited to a set of stipulated facts which do not mention interstate commerce. Therefore, our decision turns on (1) whether a trial judge can make reasonable inferences based on stipulated facts about an element of a crime; (2) whether the inferences made by the district court judge were reasonable; and (3) whether those inferences, together with the stipulated facts, provide substantial evidence of a nexus to interstate commerce. We uphold the conviction because there was substantial evidence that Novus and MBNA were engaged in interstate commerce to some degree based on reasonable inferences from the stipulated facts.

■ A trial court judge can draw reasonable inferences about an element of the crime based on stipulated facts. *See United States v. Zavala*, 839 F.2d 523, 527 (9th Cir.1988) (stipulated facts about the large amount of cocaine the defendant sold, com-

bined with the selling price, were sufficient to support an inference that the defendant earned "substantial income" from the enterprise); *United States v. Schuster*, 734 F.2d 424, 426 (9th Cir.1984). Moreover, we have held that findings of fact based on stipulations are entitled to the same deference as those based on in-court testimony, *see United States v. Chesher*, 678 F.2d 1353, 1358 n. 3 (9th Cir.1982), and, therefore, should be reversed only where clearly erroneous. *See United States v. Doe*, 136 F.3d 631, 636 (9th Cir.1998).

The government identified several sources within the stipulated facts for the interstate commerce component of the offense.[1] The district court found two arguments persuasive. First, the district judge was convinced that, by paying off the Discover card balance with the MBNA convenience checks, Bazuaye used "banking channels," which at least one other circuit has found sufficient to form a nexus with interstate commerce. *See United States v. Scartz*, 838 F.2d 876, 879 (6th Cir.1988) (holding that interstate commerce was affected because banking channels were used in authorizing credit card charges). Second, the district court agreed one can reasonably infer that a credit card company is engaged in or affects interstate commerce. *See United States v. Brown*, 31 F.3d 484, 489 n. 4 (7th Cir.1994) ("Banks which process credit card charges, presumably from consumers in many states, clearly affect interstate commerce.").

■ Bazuaye does not claim the district court's conclusions are erroneous; he merely asserts there was insufficient evidence to support either inference. But, we agree with the Sixth Circuit's decision in *Scartz* that the use of normal banking channels is enough to establish the interstate commerce element of the offense. Section 1956(c)(4)(B) defines financial transaction broadly to include payments to

1. The government also asked the district court to take judicial notice of the fact that Novus is a financial institution engaged in interstate commerce. The court properly declined to do so based on the plea agreement.

financial institutions that are engaged in interstate commerce *in any way or degree*. We hold that processing checks through normal banking channels involves financial institutions which are engaged in interstate commerce to this minimal degree. Because we find the use of banking channels sufficient, we need not decide whether a transaction involving credit card companies would be enough to satisfy the interstate commerce requirement as the Seventh Circuit held in *Brown*.

Bazuaye argues that the district court's inferences were not supported by the stipulated facts. In order to find a nexus to interstate commerce, he claims, the district court had to take judicial notice of facts outside the plea agreement. Specifically, Bazuaye asserts that nowhere in the stipulated facts are Novus and MBNA described as banks, as using banking channels to process the convenience checks, or as issuing credit cards that are used interstate.

We recognize that the stipulated facts support other inferences. It is conceivable that normal banking channels were not involved in processing the convenience checks. As Bazuaye points out, someone from Novus could have walked the convenience check across the street to MBNA for payment and then someone from MBNA could have walked back across the street to tell Novus that the check would not be accepted. While this scenario may be possible, it is also based on inferences and we are not required to accept Bazuaye's inferences. Although the district judge could not rely on facts outside the plea agreement, he was not required to ignore common sense as well.

Viewing the evidence in the light most favorable to the government and drawing all reasonable inferences, there was substantial evidence of a nexus to interstate commerce based on the district judge's reasonable inferences that banking channels were involved in processing the convenience checks.

## B. Acceptance of Responsibility

Bazuaye also challenges the district judge's decision to deny a sentence reduction based on acceptance of responsibility. The district court determined that Bazuaye's false statements regarding his citizenship were inconsistent with sincere acceptance of responsibility. In making this determination, the district court judge was persuaded by the fact that Bazuaye's underlying offense involved falsifying his identity and thus continued deceit was inconsistent with sincere acceptance of responsibility. Because his false statements to the probation office were reasonably considered inconsistent with a sincere acceptance of responsibility for this offense, we affirm the district court's decision.

United States Sentencing Guidelines § 3E1.1(a) provides for a two point reduction in the defendant's offense level if he clearly demonstrates acceptance of responsibility for his offense. A defendant who qualifies for this reduction is eligible for an additional one point reduction if the original offense level is 16 or greater and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by (1) timely providing complete information to the government concerning his own involvement in the offense, or (2) timely notifying authorities of his intention to enter a plea of guilty. *See* U.S.S.G. § 3E1.1(b).

The application notes to this section state:

> Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under § 1B1.3 ... will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a). However, this evidence may be outweighed by conduct

of the defendant that is inconsistent with such acceptance of responsibility.

U.S.S.G. § 3E1.1, cmt. n. 3.

The application notes to § 3E1.1 further state: "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." *Id.* cmt. n. 5. While we do not hold that any false statement made by a defendant in a fraud case renders that defendant ineligible for an acceptance of responsibility reduction, our review must be highly deferential and the district court's determination was clearly within the discretion contemplated by the guidelines.

**AFFIRMED.**