**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael D'ANTORIO, aka Shawn Sorenson, aka Michael Thibodeaux, aka Mark Seralnick, aka Oren Pollak, aka Stan Sakamoto, aka Michael Currier, aka Nachume Miller, Defendant–Appellant.**

**No. 00–50280.**

**D.C. No. CR–99–0135–GLT–01.**

United States Court of Appeals, Ninth Circuit.

Submitted April 17, 2001 [1].

Decided May 10, 2001.

Before CHOY, SKOPIL, and FARRIS, Circuit Judges.

MEMORANDUM [2]

Michael D'Antorio appeals the thirty-three month sentence imposed following his guilty plea conviction for fraudulent use of an access device in violation of 18 U.S.C. § 1029(a)(2). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

D'Antorio contends that the district court erred by denying him a two-level adjustment for acceptance of responsibility pursuant to section 3E1.1(a) of the Sentencing Guidelines. We review for clear error, *United States v. Bazuaye*, 240 F.3d 861, 863 (9th Cir.2001), and find none.

Notwithstanding D'Antorio's timely admission of guilt and expression of remorse, the district court ruled against the adjustment based on the nature of the newspaper articles found in D'Antorio's jail cell and the nature of his prior activities in prison. The finding has foundation in the record. We cannot say that the district court clearly erred by denying the adjustment. *See United States v. Cooper*, 912 F.2d 344, 345 (9th Cir.1990) (stating the determination of a sentencing judge will not be disturbed unless it is without foundation); *see also* U.S. Sentencing Guidelines Manual § 3E1.1, cmt. n. 3 (1998)

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

(stating that significant evidence a defendant has accepted responsibility can be outweighed by inconsistent conduct).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-

cation and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.