**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Irma Bejines VIDALES, Defendant—
Appellant.**

No. 00–10613.

D.C. No. CR–98–00369–WBS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2001.

Decided Dec. 26, 2001.

Before KOZINSKI, RYMER and SILVERMAN, Circuit Judges.

### MEMORANDUM *

Irma Bejines Vidales appeals her convictions for conspiracy and possession with intent to distribute methamphetamine under 21 U.S.C. §§ 846, 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the facts are known to the parties, we will not recite them in detail except as necessary. We affirm.

■ Vidales contends that her convictions under § 846 and § 841(a)(1) are not supported by sufficient evidence. Ordinarily, a challenge to the sufficiency of the evidence requires that we review the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could find each of the essential elements of the offense beyond a reasonable doubt. *United States v. Bazuaye*, 240 F.3d 861, 863 (9th Cir.2001). Where, as here, the defendant failed to renew the motion for judgment of acquittal at the close of all of the evidence, this court reviews her claim of insufficiency of the evidence for plain error. *United States v. Tavakkoly*, 238 F.3d 1062, 1067 (9th Cir.2001). It makes little difference which standard we use, *see United States v. Carpenter*, 95 F.3d 773, 775 (9th Cir. 1996), since Vidales's claim fails under either standard.

■ The evidence as a whole, including the testimony of Efren Salazar Cortez, was sufficient to support the verdict on the conspiracy count. "Once a conspiracy is established, evidence of only a slight connection with it is sufficient to establish a defendant's participation in it." *United States v. Olano*, 62 F.3d 1180, 1194 (9th Cir.1995) (citation and internal quotation marks omitted). Vidales claims that the evidence against her was consistent with an innocent explanation, but the jury was free to reject Vidales's version of events. *See United States v. Ramirez–Jiminez*, 967 F.2d 1321, 1328 (9th Cir.1992). Moreover, the prosecution was not "under an affirmative duty to rule out every hypothesis except that of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ Because a conviction for possession with intent to distribute controlled substances may be based on co-conspirator liability, *United States v. Sanchez–Mata*, 925 F.2d 1166, 1168 (9th Cir.1991), the evidence was also sufficient to sustain Vidales's conviction for possession with intent to distribute methamphetamine under 28 U.S.C. § 841(a)(1).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

The district court did not abuse its discretion in denying Vidales's motion for a new trial. *See United States v. Sarno*, 73 F.3d 1470, 1507 (9th Cir.1995). Vidales claimed newly discovered evidence in the form of a post-trial statement of Antonio Montano. The portion of Montano's statement supposedly exculpating Vidales was not corroborated, *see United States v. Paguio*, 114 F.3d 928, 932–33 (9th Cir.1997), and therefore was not admissible as a statement against interest under Fed. R.Evid. 804(b)(3). Accordingly, it was not a basis on which to grant a new trial.

Vidales further contends that the government deprived her of due process by failing to investigate Montano's statement. The prosecutor, however, promptly disclosed Montano's statement to the defense, and the record fails to show any prosecutorial impropriety in connection with the statement. *See Miller v. Vasquez*, 868 F.2d 1116, 1120 (9th Cir.1989).

Finally, Vidales alleges prosecutorial misconduct in connection with the testimony of Efren Salazar Cortez, claiming that the government elicited false testimony and failed to investigate whether the testimony was false. The record does not support those contentions. Furthermore, Salazar Cortez was subjected to rigorous cross-examination regarding the merits of his testimony and his possible motives to testify falsely. With regard to Salazar Cortez's statements at trial about his plea agreement, the district court did not abuse its discretion in finding that the testimony was not false. *See United States v. Cervantes*, 219 F.3d 882, 894 (9th Cir.2000).

AFFIRMED.