**UNITED STATES OF AMERICA, Plaintiff–Appellee,**

v.

**Cesar SOLARIO, aka Robert Garcia, aka Roberto Perez Garcia, aka Roberto Garcilla Defendant–Appellant.**

No. 00–50217.

D.C. No. CR–96–847–RSWL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2002.

Decided June 7, 2002.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Before KLEINFELD and GRABER, Circuit Judges, and COLLINS,** District Judge.

MEMORANDUM *

Solario appeals his conviction and 292–month sentence for conspiracy to manufac-

** Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

ture methamphetamine and possession with intent to distribute. We affirm.

## Fourth Amendment Claims

Solario contends 1) that the police did not have probable cause to make a warrantless arrest and 2) that the search of Solario's car violated the Fourth Amendment. Whether the police had probable cause to arrest Solario is a mixed question of law and fact, which we review de novo. *United States v. Valencia–Amezcua*, 278 F.3d 901, 906 (9th Cir.2002).

The police in this case had probable cause to arrest Solario. They had extensive information from two informants tying Solario to a methamphetamine lab and substantial drug-trafficking scheme, including the use of Solario's vehicles, and they corroborated this information. Consequently, when the police stopped Solario they had probable cause to arrest him.

Moreover, there was no Fourth Amendment violation in the police search of Solario's car. "Officers who have probable cause to believe that an automobile contains evidence of a crime may search the vehicle, including the trunk and all containers in which there is probable cause to believe that evidence was concealed." *United States v. Alvarez*, 899 F.2d 833, 839 (9th Cir.1990). The police had probable cause, based on the same facts that gave them probable cause to arrest Solario, to believe the car contained methamphetamine.

## Apprendi Claims

Solario next asserts his sentence should be vacated on three grounds under *Ap-*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*prendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Because Solario did not object at trial on any of these claims, we review for plain error. *See United States v. Buckland*, No. 99–30285, 2002 WL 857751, at *7 (9th Cir. May 7, 2002) (en banc) (as amended), *cert. denied*, 2002 WL 764233 (U.S. May 28, 2002) (No. 01–9813).

Solario's claim that 21 U.S.C. § 841(b) is facially unconstitutional in light of *Apprendi* is foreclosed by *Buckland*, 289 F.3d 558, 2002 WL 857751, at *3–*7.

Further, the district court did not err in failing to submit drug quantity to the jury because Solario stipulated to drug type and quantity. *See United States v. Deleon*, 247 F.3d 593, 598 (5th Cir.2001) (holding that failure to include drug quantity in a jury charge "cannot be plain error ... where ... the defendant stipulated at trial" to drug type and quantity.)

Lastly, the district court did not err in failing to submit the issue of Solario's prior drug conviction to the jury because *Apprendi* explicitly excepts prior convictions from its general holding. *Apprendi*, 530 U.S. at 490.

### Other Sentencing Claims

Solario argues the district court erred in imposing ten years of supervised release and erred by failing to determine drug quantities and purity by clear and convincing evidence. Because these claims stem from Solario's *Apprendi* claims, we need not consider them separately.

▮ Finally, Solario asserts that the district court erred by denying a downward adjustment for Solario's acceptance of responsibility. We review a district court's determination of whether a defendant has accepted responsibility for clear error. *United States v. Bazuaye*, 240 F.3d 861, 863 (9th Cir.), *cert. denied*, 533 U.S.

959, 121 S.Ct. 2613, 150 L.Ed.2d 768 (2001).

Solario claims that the district court committed clear error because Solario was contrite at sentencing and would have pleaded guilty had his attorney timely informed him of the government's plea offer. Neither claim satisfies Solario's "burden of 'clearly' showing he is deserving of the reduction." *United States v. Alexander*, 48 F.3d 1477, 1493 (9th Cir.1995). Solario did not express remorse or contrition until the time of his sentencing hearing nor did he express any desire to plead guilty at pre-trial hearings at which he was present. The district court did not clearly err in denying the downward adjustment.

AFFIRMED.