UNITED STATES of America, Plaintiff—Appellant, Cross–Appellee,

v.

Gary RASMUSSEN, Defendant— Appellee. Cross—Appellant.

Nos. 01–50496, 01–50533.

D.C. No. CR–99–01258–MLH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2002.

Decided July 26, 2002.

**49**

Before HUG, FARRIS, and
SILVERMAN, Circuit Judges.

### MEMORANDUM *

Gary Rasmussen was convicted of transportation of hazardous waste to an unpermitted site, unlawful transportation of hazardous waste, and conspiracy. In case no. 01–50496, he appeals (1) the sufficiency of the evidence that the chemicals on which his convictions were based were "waste," (2) the district court's admission of photographs and hazardous waste manifests, (3) the district court's denial of a motion for new trial based on an alleged *Brady* violation, (4) the denial of a motion for new trial based on allegedly new impeachment evidence, and (5) the jury instruction defining waste. In case no. 01–50533, the government appeals Rasmussen's sentence, arguing that the district court erred in denying a two-level increase for obstruction of justice and in granting a four-level downward departure from the guidelines for a combination of mitigating factors. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

Because the parties are familiar with the facts, we will not recite them in detail except as necessary.

First, Rasmussen argues that the jury instruction defining "waste" was erroneous. We disagree. The language of the instruction mirrored that of 40 C.F.R. § 261.2(a)(2), the regulation defining waste. Assuming *arguendo* that the phrase "inherently wastelike" should have been omitted, no harm was done. The phrase adds nothing; it is a tautology. Furthermore, the government did not argue that the chemicals were waste because they were "inherently wastelike."

Second, Rasmussen argues that there was insufficient evidence that the chemicals at issue were waste. A challenge to the sufficiency of the evidence requires that we review the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could find each of the essential elements of the claim beyond a reasonable doubt. *See United States v. Bazuaye*, 240 F.3d 861, 863 (9th Cir.2001). The evidence was sufficient for a rational jury to have found, beyond a reasonable doubt, that the chemicals were waste and that Rasmussen regarded them as such.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**50**

■ Third, Rasmussen argues that the district court erred in admitting photographs of the chemicals and hazardous waste manifests. Evidentiary rulings are reviewed for an abuse of discretion. *See United States v. Hernandez–Herrara,* 273 F.3d 1213, 1217 (9th Cir.2001). To reverse on the basis of an evidentiary ruling, we must find not only that the district court abused its discretion, but also that the error was prejudicial. *See Defenders of Wildlife v. Bernal,* 204 F.3d 920, 927 (9th Cir.2000). Here, the district court did not err in admitting the photographs, which were neither hearsay nor irrelevant as Rasmussen contends. Although the district court erred in admitting the waste manifests without first redacting the word "waste," such error was not prejudicial in light of the abundance of other evidence in the record proving that the chemicals were waste. The error therefore does not merit reversal.

■ Fourth, Rasmussen argues that the district court erred in finding that the government did not violate *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We review de novo whether evidence not turned over by the prosecution violated Rasmussen's due process rights under *Brady,* and hold that it did not. With respect to Agent Godshall's rough notes, the record demonstrates that the government disclosed the evidence to the court for an in camera review at Rasmussen's request. The government therefore did not violate *Brady* because the notes were not suppressed. With respect to the witness Susan Crabtree, the government's failure to disclose the substance of the FBI's interview with Crabtree did not violate *Brady* because Crabtree's statements did not materially contradict Lori Kern's testimony. *See Kyles v. Whitley,* 514 U.S. 419, 433, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (government's suppression of favorable evidence violates due process only where evidence is "material," that is, where "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.").

Fifth, Rasmussen argues that the district court erred in denying a motion for new trial based on alleged new impeachment evidence. We review a district court's decision on a motion for new trial for abuse of discretion, *see Air–Sea Forwarders, Inc. v. Air Asia Co.,* 880 F.2d 176, 190 (9th Cir.1989), and hold that the district court did not err. Marvin Hutchinson's letter to the court was cumulative of and not inconsistent with the evidence presented at trial.

In its cross-appeal, the government argues that the district court erred when it refused to enhance Rasmussen's sentence for obstruction of justice. A district court's determination that the defendant obstructed justice is a factual finding reviewed for clear error. *See United States v. Ancheta,* 38 F.3d 1114, 1117 (9th Cir. 1994). On this record, the district court's finding that the affidavit was not false was not clearly erroneous.

Finally, the government argues that the district court erred when it departed downward four levels for mitigating factors not accounted for in the guidelines. We review a district court's decision to depart from the Guidelines for abuse of discretion, *see Koon v. United States,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), and affirm. Here, the court's incorporation by reference of its reasons for departure, though not the ideal way to articulate reasons for departure, was sufficient to justify its four-level departure. AFFIRMED.