**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Robert Elzay DEPEW, Defendant—**
**Appellant.**

No. 01–30424.
D.C. No. CR–97–0072–DWM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 17, 2002.

Decided Oct. 2, 2002.

Before NOONAN, TASHIMA, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Robert Elzay Depew appeals his conviction following a jury trial for manufacturing a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and the sentence imposed by the district court. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Depew contends that the district court erred in determining there was probable cause in the redacted affidavit filed in support of the search warrant application. We review de novo the district court's determination of probable cause in a case with redacted affidavits. *United States v. Huguez–Ibarra,* 954 F.2d 546, 551 (9th Cir.1992). In determining whether there was a substantial basis for the district court's finding of probable cause, we consider the totality of the circumstances. *United States v. Mendonsa,* 989 F.2d 366, 368 (9th Cir.1993). Although "an anonymous tip, without more, does not constitute probable cause," an anonymous tip "coupled with independent corroboration of predicted activity," rather than "innocent static details" alone, may establish probable cause. *Id.* at 368–69. The facts remaining after redaction included Depew's 1986 conviction for the same illegal activi-

ty, power usage records showing consumption of large amounts of electricity, perpetually covered windows, and the absence of light coming from that same portion of the house, coupled with an anonymous tip that Depew was growing marijuana in a Montana residence that shared the same phone number. We conclude that these facts were sufficient to amount to probable cause. *See Illinois v. Gates,* 462 U.S. 213, 244, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (stating that corroboration of information given in anonymous tip suffices for the "practical, common-sense judgment called for in making a probable cause determination"). Depew's contention that the district court erred in denying his motion for release pending appeal under 18 U.S.C. § 3143(b) is therefore moot.

■ Next, Depew appeals his sentence, arguing that the district court erred in denying him a two-level downward adjustment in his offense level for demonstrating "acceptance of responsibility" for his offense pursuant to U.S. Sentencing Guidelines Manual § 3E1.1. We review for clear error the district court's factual determination as to whether or not the defendant has accepted responsibility for his crime. *United States v. Bazuaye,* 240 F.3d 861, 863 (9th Cir.2001). Having reviewed the relevant facts, we conclude that there was no clear error in the district court's denial of a downward adjustment. *See United States v. Connelly,* 156 F.3d 978, 982 (9th Cir.1998) ("[F]ailure to demonstrate contrition and remorse weighs against a finding of acceptance of responsibility.... Lying about offense conduct ... also weighs against acceptance of responsibility.").

■ Finally, Depew argues that the district court erred in determining that the

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

"safety valve" provision codified at 18 U.S.C. § 3553(f), entitling the defendant to a sentence below the statutory minimum, did not apply. We review the district court's determination for clear error. *United States v. Shrestha,* 86 F.3d 935, 938 (9th Cir.1996). The district court's finding that Depew failed to meet the fifth criterion of the statute because he did not truthfully provide to the Government all information and evidence he had concerning the offense is not clearly erroneous. *See United States v. Ajugwo,* 82 F.3d 925, 926 (9th Cir.1996) (explaining that 18 U.S.C. § 3553(f) applies only if the defendant meets five criteria).

The judgment of conviction and the sentence imposed by the district court are therefore

AFFIRMED.