**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Alfredo PINTO–SANTELLANO, aka Alfredo Pinto, aka Alfredo Santana–Pinto, Defendant—Appellant.**

No. 03–50234.
D.C. No. CR–02–00755–DDP.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 16, 2004.

Ronald L. Cheng, Erik M. Silber, USLA–Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Michael S. Meza, Orange, CA, Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

### MEMORANDUM**

Alfredo Pinto–Santellano appeals from his 100–month sentence following conviction by jury trial for being found in the United States after deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.

Pinto–Santellano contends that the district court clearly erred by denying him a sentencing adjustment for acceptance of responsibility because he went to trial. We review for clear error, *United States v. Bazuaye,* 240 F.3d 861, 863 (9th Cir.2001), and see none.

Pinto–Santellano's stated reason for going to trial was to call attention to his medical condition rather than to contest his factual guilt. *See* U.S.S.G. § 3E1.1 application note 2. The evidence of his medical problem was excluded prior to trial, yet Pinto–Santellano nonetheless proceeded to trial. He contested his factual guilt. We discern no clear error in the district court's finding that Pinto–Santellano failed to meet his burden of clearly demonstrating acceptance of responsibility. *See United States v. Velasco–Medina,* 305 F.3d 839, 854 (9th Cir.2002).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.