**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Lawrence M. FLEMING, Defendant—Appellant.**

No. 03–10021.

D.C. No. CR–01–00010–ARM–03.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2004.

Decided Feb. 27, 2004.

---

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Patrick J. Smith, U.S. Attorney's Office, for Plaintiff–Appellee.

Timothy H. Bellas, Saipan, MP, for Defendant–Appellant.

Before SCHROEDER, Chief Judge, TALLMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Lawrence M. Fleming, a resident of Saipan, appeals from his January 6, 2003 conviction and sentence for conspiracy to possess with intent to distribute methamphetamine ("ice") in violation of 21 U.S.C. §§ 846 and 841(a)(1). Fleming's principal contention is that his previous acquittal on the substantive offense of possession with intent to distribute methamphetamine barred the government from retrying him for the related conspiracy offense. This contention is meritless and we have squarely rejected it because a "substantive crime and a conspiracy to commit that crime are not the same offense for double jeopardy purposes." *United States v. Saccoccia,* 18 F.3d 795, 798 (9th Cir.1994) citing *United States v. Felix,* 503 U.S. 378, 390, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992).

Additionally, Fleming claims error in certain evidentiary rulings made by the district court. The district court properly admitted the testimony of Jung Yao Tsai regarding Yan Xu because a statement by a co-conspirator made to further the conspiracy is non-hearsay and is admissible

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

against other members of the conspiracy. Fed.R.Evid. 801(d)(2)(E); *United States v. Crespo de Llano*, 838 F.2d 1006, 1017 (9th Cir.1987) (*amended by* 846 F.2d 591 (1988)).

The district court also properly allowed testimony by Tsai that referred to Tsai's conviction at the previous trial in which Fleming was also a defendant. Fleming claims that Tsai's testimony left the jury with the impression that Fleming too had been convicted at that trial. Any such confusion was corrected by the U.S. Attorney and there was no further objection. Moreover, Fleming's counsel's cross examination of Tsai expressly confirmed Fleming's acquittal at the prior trial.

 Fleming also argues that the evidence was insufficient to support his conviction for conspiracy to possess and distribute five or more grams of ice because there was insufficient proof that he was involved with the requisite quantity of drugs. Evidence adduced at trial included inculpatory tape-recorded conversations and witness statements about transactions that easily involved more than five grams of ice. The evidence at trial supports the jury's verdict. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Fleming also objects to the district court's refusal to grant a downward adjustment in sentence for the small quantity of drugs involved and his purportedly minor role in the conspiracy. The district court carefully explained the facts upon which it based its quantity calculation; this calculation was not clearly erroneous. *See United States v. Asagba*, 77 F.3d 324, 325 (9th Cir.1996). The district court also made careful and specific findings rejecting his claim for a "minor role" reduction in sentence under U.S.S.G. § 3B1.2. This fact-dependent decision was not clearly er-

roneous. *See United States v. Davis*, 36 F.3d 1424, 1436–1437 (9th Cir.1994).

■ Finally, Fleming argues that the district court erred by not granting him a reduction in sentence for acceptance of responsibility under U.S.S.G. § 3E1.1. Given the factual nature of the decision against adjusting downward, we do not second guess the trial judge who "is in a unique position to evaluate a defendant's acceptance of responsibility." *United States v. Bazuaye*, 240 F.3d 861, 863 (9th Cir.2001) (quoting U.S.S.G. § 3E1.1 note 5). The district court's decision not to apply the adjustment here is consistent with note 2 to § 3E1.1 which specifically states that the adjustment is not to apply where the defendant puts the government to its proof and only then expresses remorse. The district court did not clearly err in refusing to apply a downward adjustment for Fleming's post-conviction acceptance of responsibility.

AFFIRMED.