United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-40089
_____


UNITED STATES OF AMERICA

          Plaintiff-Appellee

v.

SERVANDO VELA, JR

          Defendant-Appellant

_____

Appeal from the United States District Court
for the Southern District of Texas, Brownsville Division
USDC No. 1:05-CR-546-2
_____

Before KING, GARZA, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Defendant-appellant Servando Vela, Jr. appeals his conviction pursuant to 21 U.S.C. § 846 for conspiracy to possess with intent to distribute less than fifty kilograms of marijuana and his conviction pursuant to 21 U.S.C. § 841(a)(1) for possession with intent to distribute approximately 47.66 kilograms of marijuana.  He argues on appeal that the evidence is insufficient to support his convictions and that 21 U.S.C. § 841

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

is unconstitutional on its face in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). For the following reasons we AFFIRM the district court's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The parties tried this case in a bench trial and stipulated to the following facts, which were read into the record.

> On June 25, 2005, the defendants, Larry Junior Chasten and Servando Vela, Jr., were stopped in a tractor-trailer in Willacy County, Texas by ICE agents.[1] Servando Vela, Jr. was a passenger in the tractor-trailer. During the inspection of this vehicle, 47.66 kilograms (104.8 pounds) of marijuana were found inside the trailer of this vehicle. Servando Vela, Jr. gave a voluntary statement admitting that he knew the marijuana was present and that he guided Chasten to the house where the marijuana was loaded so that it could be transported further into the United States and distributed to another party.

Neither the government nor Vela called any witnesses. The district court then convicted Vela of conspiracy to possess with intent to distribute and possession with intent to distribute and sentenced Vela to thirty-three months imprisonment.

## II. SUFFICIENCY OF THE EVIDENCE

A. <u>Standard of Review</u>

We review a challenge to the sufficiency of the evidence after a bench trial in the light most favorable to the government

---

[1] Chasten was tried separately and convicted.

and defer to all reasonable inferences drawn by the fact finder.[2] United States v. Ybarra, 70 F.3d 362, 364 (5th Cir. 1995). Evidence is sufficient to sustain a conviction if "substantial evidence supports the finding of guilty." Id. In other words, we affirm the conviction if "the evidence is sufficient to justify the trial judge, as trier of the facts, in concluding beyond a reasonable doubt that the defendant was guilty." Id. The test remains the same when, as here, the record consists wholly of stipulated facts. See United States v. Moore, 427 F.2d 38, 41-42 (5th Cir. 1970) ("We apply here the same test to determine the sufficiency of the stipulated facts as would be applied if we were reviewing the relevant and admissible evidence upon the action of the trial court."). To prevail, Vela must show that no rational trier of fact could have found beyond a reasonable doubt that Vela conspired to possess drugs with intent to distribute and actually possessed drugs with intent to distribute. See United States v. Serna-Villarreal, 352 F.3d 225, 234 (5th Cir. 2003). Yet, "it is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." United States v. Henry, 849 F.2d 1534, 1536 (5th Cir. 1988).

_____

[2] "A trial court judge can draw reasonable inferences about an element of the crime based on stipulated facts" just as the fact finder could make inferences from evidence admitted and the testimony of witnesses. United States v. Bazuaye, 240 F.3d 861, 864 (9th Cir. 2001).

This is the proper standard of review even though Vela did not make a motion for acquittal at the close of the evidence. Error is preserved because Vela's not-guilty plea serves as a motion for acquittal in a bench trial. See United States v. Rosas-Fuentes, 970 F.2d 1379, 1381 (5th Cir. 1992).

B.    Conspiracy to Possess with Intent to Distribute

In order to prove conspiracy to possess with intent to distribute marijuana under 21 U.S.C. § 846, the government must prove beyond a reasonable doubt: "(1) the existence of an agreement between two or more persons to violate the narcotics laws," (2) the defendant's "knowledge of the conspiracy," and (3) the defendant's "voluntary participation in the conspiracy." Rosa-Fuentes, 970 F.2d at 1382. An agreement may be either explicit or implicit, and the fact finder may infer an agreement from "a concert of action." United States v. Mann, 161 F.3d 840, 847 (5th Cir. 1998). A fact finder can infer an agreement to join a conspiracy "from the performance of acts that further its purpose" even though not every act "that assists in the accomplishment of the objective of the conspiracy is a sufficient basis to demonstrate his concurrence in that agreement." United States v. Alvarez, 610 F.2d 1250, 1255 (5th Cir. 1980). An individual's "[m]ere presence at the scene of a crime or close association with a co-conspirator will not support an inference of participation in a conspiracy." United States v. Tenorio, 360 F.3d 491, 495 (5th Cir. 2004).

Vela argues that the government offered no direct or circumstantial evidence that Vela reached an agreement with Chasten or any other person to violate the narcotics laws. Vela contends that while the facts show that Vela brought Chasten to the marijuana in hopes of furthering the distribution of the marijuana, there is no indication that Vela ever asked Chasten to join in this scheme or that Chasten assented. Vela also contends that because the evidence does not directly show Chasten's knowledge that the marijuana was in the trailer or who loaded the marijuana into the trailer, the fact finder could not reasonably infer any agreement existed.

The stipulated facts are enough to support the conviction even though there is no direct evidence of an agreement and other details of the transaction are missing. Vela admitted that he guided Chasten to the location where the marijuana was loaded so that it could be distributed in the United States. A reasonable fact finder could infer from this that Vela and Chasten acted in concert, with Chasten as driver and Vela as navigator, for the purpose of distributing marijuana. Because an agreement can be inferred when individuals act in concert, we hold that the evidence is sufficient for the agreement element of conspiracy. See Mann, 161 F.3d at 847.

As to the other elements of the conspiracy charge, Vela admitted his knowledge that the drugs would be transported further into the United States and his participation in the

5

scheme.  Because we conclude that the government's evidence was sufficient to establish each element of conspiracy, we affirm Vela's conviction.

C.    Possession with Intent to Distribute

In order to convict Vela of possession of marijuana with intent to distribute pursuant to § 841(a)(1), the government had to prove that Vela "(1) knowingly (2) possessed marijuana (3) with intent to distribute it." United States v. Jaras, 86 F.3d 383, 386 (5th Cir. 1996).  Vela contends that the government did not adequately prove the possession element of the offense.

Pretermitting any discussion of whether Vela had actual or constructive possession of the marijuana (or aided and abetted Chasten's possession of the marijuana), we turn to liability under United States v. Pinkerton, 328 U.S. 640 (1946).  Even if a defendant who is a coconspirator in a marijuana distribution conspiracy does not personally possess the marijuana, he can be held liable for the substantive counts against the coconspirators.  See id., 328 U.S. 640, 646-47 (1946).  That is, "[a] party to a continuing conspiracy may be criminally liable for a substantive offense committed by a co-conspirator in furtherance of the conspiracy, even though the party does not participate in the substantive offense." United States v. Garcia, 242 F.3d 593, 597 n. 3 (5th Cir. 2001).  Thus, once both a conspiracy and the defendant's knowing participation in it are proved beyond a reasonable doubt, "a defendant is guilty of the

substantive acts his partners committed in furtherance of the conspiracy." United States v. Narviz-Guerra, 148 F.3d 530, 535 (5th Cir. 1998).

The facts state that both Vela and Chasten were stopped with the tractor-trailer of marijuana and that Vela was a passenger. A reasonable fact finder could infer that Chasten was driving the truck because Vela guided him to the marijuana. And there is no evidence that anyone else was with them. The fact finder could reasonably infer, therefore, that one or both of the men must have had possession of the drugs. If it was Chasten, then co-conspirator liability results in Vela being guilty of the substantive offense, because no evidence establishes Vela's withdrawal from the conspiracy. See Garcia, 242 F.3d at 597. If Vela possessed the drugs, then he is guilty of the substantive offense without co-conspirator liability because the stipulated facts establish the other elements of the offense.

### III. CONSTITUTIONALITY OF § 841

Vela also contends that 21 U.S.C. § 841(a),(b) is unconstitutional under Apprendi, 530 U.S. at 466. He acknowledges that this argument is foreclosed by United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000), but raises it to preserve it for further review. As we stated in Slaughter, "[w]e see nothing in the Supreme Court decision in Apprendi which would permit us to conclude that 21 U.S.C. §§ 841(a) and (b) [and] 846

7

[] are unconstitutional on their face."  Id.  Accordingly, Vela's argument that § 841 is unconstitutional in light of Apprendi fails.

## IV. CONCLUSION

For the above reasons, we AFFIRM the conspiracy conviction pursuant to 21 U.S.C. § 846 and the possession of marijuana with intent to distribute conviction under 21 U.S.C. § 841.