**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Samuel LINDBLAD, Defendant—
Appellant.**

**No. 06–50462.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2007.

Filed Nov. 16, 2007.

---

Michael J. Raphael, Esq., Jennifer Corbett, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Phillip I. Bronson, Esq., Law Offices of Phillip I. Bronson, Sherman Oaks, CA, for Defendant–Appellant.

Before: GOODWIN and PAEZ, Circuit Judges, and BLOCK,* District Judge.

### MEMORANDUM**

 1. The District Court did not abuse its discretion in admitting evidence relating to Lindblad's 1996 Colorado conviction for child enticement. The facts underlying the 1996 conviction were sufficiently similar to the charged offenses to be probative of Lindblad's intent to engage in prohibited sex acts with a minor. *See United States v. Johnson,* 132 F.3d 1279, 1283 (9th Cir.1997). This significant probative value was not substantially outweighed by the risk of unfair prejudice, particularly in light of the other evidence.

 2. Taken in the light most favorable to the Government, with all reasonable inferences drawn in its favor, *see United States v. Bazuaye,* 240 F.3d 861, 863 (9th Cir.2001), the evidence—including the facts surrounding the planned trip to Mexico, the facts surrounding the 1996 conviction, and Lindblad's own testimony regarding his attraction to minor boys—was sufficient to establish that Lindblad traveled from Albuquerque to Los Angeles (*en route* to Mexico) with the intent to engage in "a sexual act (as defined in

---

* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

section 2246) with a person under 18 years of age." 18 U.S.C. § 2423(f). This, in turn, was sufficient both to support the jury's guilty verdict on the substantive charge and to refute Lindblad's contention that he could not be found guilty on the conspiracy charge because he did not share his co-defendants' unlawful intent in planning the trip to Mexico.

3. Lindblad's above-Guidelines sentence of 360 months was not unreasonable. The District Court expressly considered the Guidelines range of 235–293 months, but found it inadequate in light of Lindblad's characteristics, his criminal history and the danger he posed to the public, all relevant considerations under 18 U.S.C. § 3553(a). There is no unwarranted disparity between Lindblad's sentence and those of his co-defendants; assuming *arguendo* that 18 U.S.C. § 3553(a)(6) seeks sentencing uniformity among co-defendants, as opposed to national sentencing uniformity, Lindblad is dissimilar to his co-defendants in several material respects.

4. The District Court did not abuse its discretion in imposing, in connection with supervised release, special conditions restricting Lindblad's access to (a) computers, (b) child pornography and (c) children.

a. We construe the restrictions on Lindblad's access to "computers and computer-related devices" in light of their stated purpose of restricting Lindblad's access to devices "that can access, or can be modified to access the internet, electronic bulletin boards, [and] other computers or similar media." So construed, the restrictions are reasonable means of preventing Lindblad from using the Internet to contact minors. *Cf. United States v. Rearden,* 349 F.3d 608, 620–21 (9th Cir.2003) (upholding similar restrictions as reasonable means of preventing defendant from viewing child pornography).

b. With respect to the prohibition on possession of "any materials ... depicting [and]/or describing child pornography," we recently rejected a challenge to an identical condition, holding that " '[a] defendant's right to free speech may be abridged to effectively address [his] sexual deviance problem,' " *United States v. Cope,* 506 F.3d 908, 921–22 (9th Cir.2007) (quoting *Rearden,* 349 F.3d at 619), and that "the restriction furthered the goals of rehabilitation and protecting the public." *Id.* As in *Cope,* we note that the condition does not prevent Lindblad from reading cases and statutes discussing child pornography "as long as he [does] not retain copies of the materials in his possession." *Id.*

c. We construe the restrictions on Lindblad's ability to "frequent, or loiter, within 100 feet," and to "reside within direct view," of "school yards, parks, public swimming pools, playgrounds, youth centers [and] video arcade facilities" in light of their stated purpose of restricting Lindblad's access to "places primarily used by persons under the age of 18"; we give the terms "frequent" and "within direct view" their ordinary meaning. So construed, the restrictions are reasonable means of preventing Lindblad from having contact with minors. *See Rearden,* 349 F.3d at 620; *see also United States v. Bee,* 162 F.3d 1232, 1235–36 (9th Cir.1998).

In sum, the challenged conditions are reasonably related to the goals of rehabilitation, deterring recidivism, and protecting the public; and are no broader than reasonably necessary to serve those purposes. *See Bee,* 162 F.3d at 1236 ("[E]ven very broad conditions are reasonable if they are intended to promote [the defendant's] rehabilitation and to protect the public."). Given our constructions, they are also "sufficiently clear to inform [the defendant] of what conduct will result in his being re-

turned to prison." *United States v. Guagliardo,* 278 F.3d 868, 872 (9th Cir.2002).

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.