**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-30360 |
| Plaintiff - Appellee, | D.C. No. CR-05-60074-MRH |
| v. | |
| RICHARD JAMES DOMPIER, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Argued and Submitted December 8, 2009
Portland, Oregon

Before: FARRIS, D.W. NELSON and BERZON, Circuit Judges.

Richard James Dompier appeals his conviction and sentence for mail fraud

in violation of 18 U.S.C. § 1341, interstate transportation of money taken by fraud

in violation of 18 U.S.C. § 2314, money laundering in violation of 18 U.S.C. §

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1957, and failing to file corporate tax returns in violation of 26 U.S.C. § 7203.  We affirm.

**1.     Motion for Substitution of Counsel**

We reject Dompier's claim that the district court abused its discretion in denying Dompier's motion for substitution of counsel.[1]  The district court's decision to deny a substitution motion is reviewed for abuse of discretion.  *Untied States v. Mendez-Sanchez*, 563 F.3d 935, 942 (9th Cir. 2009).  "Under our established rule, we consider: (1) the timeliness of the motion; (2) the adequacy of the district court's inquiry [into the asserted conflict between the defendant and his counsel]; and (3) whether the asserted conflict was so great as to result in a complete breakdown in communication and a consequent inability to present a defense."  *Id.* (citing *United States v. Prime*, 431 F.3d 1147, 1154 (9th Cir. 2005));  *see United States v. Adelzo-Gonzalez*, 268 F.3d 772, 777 (9th Cir. 2001) ("Before ruling on a motion to substitute counsel . . . , a district court must conduct such

---

[1]Dompier also claims that the district court erred in not appointing new counsel to argue his substitution motion.  Separate counsel is not warranted, for purposes of the substitution motion, unless current counsel takes an adversarial and antagonistic stance regarding the motion.  *See Stenson v. Lambert*, 504 F.3d 873, 888 (9th Cir. 2007) (citing *United States v. Adelzo-Gonzalez*, 268 F.3d 772, 779-80 (9th Cir. 2001)).  Dompier's attorney did not take an adversarial or antagonistic stance regarding the motion.

necessary inquiry as might ease the defendant's dissatisfaction, distrust, and concern.") (internal quotation marks and citation omitted).

Although Dompier moved for substitution of counsel approximately five weeks in advance of trial, the trial was scheduled to last two weeks, the case involved significant discovery, and Dompier's attorney had already spent over 500 hours representing Dompier. *See Mendez-Sanchez*, 563 F.3d at 942 (denying a substitution motion filed more than two weeks before trial where the case involved significant discovery and the defendant's attorney was prepared for trial). In addition, the record makes clear that both the magistrate judge and the district judge conducted adequate inquiries into the asserted conflict by (1) allowing Dompier to express his concerns at length in court; (2) questioning Dompier's attorney about the extent of the conflict; (3) encouraging Dompier to contact his attorney more frequently if he was unsatisfied with their amount of communication; and (4) attempting to ease Dompier's concerns by explaining to him that his concerns were not uncommon. *See Prime*, 431 F.3d at 1155 ("Because [the defendant] was given the opportunity to express whatever concerns he had, and the court inquired as to [the defendant's attorney's] commitment to the case and his perspective on the degree of communication, we find that the hearing was adequate."). Finally, the asserted conflict did not result in a complete

breakdown in communication or a consequent inability to present a defense, as Dompier and his attorney were in contact with each other, albeit not to the extent Dompier wanted, and Dompier's attorney averred to the district court that he was prepared to competently represent Dompier at trial. *Compare Mendez-Sanchez*, 563 F.3d at 943 (affirming the denial of a substitution motion where there was "some level of conflict," but not "an 'extensive, irreconcilable conflict' between [the defendant] and his appointed counsel") (quoting *United States v. Smith*, 282 F.3d 758, 763 (9th Cir. 2002)) *with Adelzo-Gonzalez*, 268 F.3d at 778 (reversing the denial of a substitution motion where the defendant stated that his "appointed counsel did not pay attention to him . . . and . . . had threatened 'to sink [him] for 105 years so that [he] wouldn't be able to see [his] wife and children'"). The district court thus did not abuse its discretion in denying Dompier's motion for substitution of counsel.

**2.     Jury Instructions**

We reject Dompier's claim that the district court plainly erred in failing to instruct the jury that it had to find, as to the money laundering counts, that the money sent by Dompier to Simon Hill was from profits, rather than receipts, of his fraud. "Where, as here, the defendant failed to timely object to jury instructions, we review under our familiar plain error standard." *United States v. Crowe*, 563

F.3d 969, 972-73 (9th Cir. 2009) (internal quotation marks and citation omitted). "'[P]roceeds' means 'profits' where viewing 'proceeds' as 'receipts' would present a 'merger' problem of the kind that troubled the plurality and concurrence in [*United States v. Santos*, 128 S. Ct. 2020 (2008)]." *United States v. Van Alstyne*, 584 F.3d 803, 814 (9th Cir. 2009).

Viewing proceeds as receipts in this case does not present a merger problem, as the money laundering counts charged criminal conduct—sending commission checks to a United Kingdom representative—distinct from the mail fraud counts, which concerned only the United States sales and only checks from investors. *See id.* at 816 (affirming the defendant's money laundering conviction where "the mail fraud 'scheme' and money laundering elements [we]re distinct with regard to [the] money laundering count"); *id.* at 815 ("[O]ur analysis of the 'merger' problem in the mail fraud context must focus on the concrete details of the particular 'scheme to defraud,' rather than on whether mail fraud generally requires payments of the kind implicated in *Santos*.").

In any event, at trial, the Government traced the money sent by Dompier to Simon Hill as commission to profits derived from payments made by the scheme's investors in the United Kingdom. Accordingly, there was sufficient evidence presented at trial for the jury to have found beyond a reasonable doubt that the

money Dompier sent to Simon Hill represented payments from the fraudulent scheme's profits, as opposed to its receipts. *See United States v. Olano*, 507 U.S. 725, 734 (1993) ("[I]n most cases, . . . the error must have been prejudicial: It must have affected the outcome of the district court proceedings.") (citations omitted).

**3.    Intent to Defraud**

We reject Dompier's claim that there was insufficient evidence of his intent to defraud. "We review de novo whether sufficient evidence exists to support a conviction where the defendant moves for acquittal at the close of the government's evidence." *United States v. Selby*, 557 F.3d 968, 972 (9th Cir. 2009) (citation omitted). "There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution and drawing all reasonable inferences, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Bazuaye*, 240 F.3d 861, 863 (9th Cir. 2001). At trial the Government presented evidence that (1) Dompier operated a classic pyramid scheme; (2) the scheme's earnings promises were patently false; (3) Dompier had previously participated in a similar pyramid scheme; (4) he continued to accept money from investors more than two years after he learned he was operating a pyramid scheme; (5) he continuously reassured investors that they would receive their promised returns, despite knowing they

would not receive them; and (6) he repeatedly misrepresented to investors why he could not pay them their promised returns. That evidence is sufficient to allow a reasonable juror to have found beyond a reasonable doubt that Dompier possessed an intent to defraud.

**4.     Motion for Downward Departure**

Dompier's contention that the district court failed to rule on his motion for a downward departure has no merit. We review the district court's sentencing decisions for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (citation omitted). Dompier moved for a downward departure pursuant to Application Note 19(c) to Sentencing Guideline § 2B1.1, which authorizes a downward departure in "cases in which the offense level . . . substantially overstates the seriousness of the offense." U.S.S.G. § 2B1.1 cmt. n.19(c). At the sentencing hearing, the district court stated that it had given considerable thought to Dompier's motion. The court also asked both parties to specifically address the motion in their remarks to the court. The court then effectively granted the motion for a downward departure, imposing a sentence 48 months below the low end of the Guidelines range of 168-210 months. The court did not abuse its discretion by not explicitly stating that it was granting the motion.

AFFIRMED.