**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30364 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00022-RRB-1 |
| v. | |
| WILLIAM JAMES CLARK, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted May 24, 2013
Fairbanks, Alaska

Before: TASHIMA, TALLMAN, and N.R. SMITH, Circuit Judges.

William James Clark appeals from the 106-month sentence imposed

following his guilty plea to one count of being a felon in possession of a firearm, in

violation of 18 U.S.C. §§ 922(g)(1) and 924(d)(1), one count of impersonating a

federal officer or employee, in violation of 18 U.S.C. § 912, and one count of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

passing fictitious obligations, in violation of 18 U.S.C. § 514(a)(2). On appeal,

Clark claims that the government breached its plea agreement by opposing his

request for a three-level downward departure for acceptance of responsibility. We

have jurisdiction pursuant to 28 U.S.C. § 1291, and we dismiss the appeal pursuant

to the valid appellate waiver contained in Clark's plea agreement.

According to the express terms of the plea agreement, the government's

obligation to recommend a downward departure for acceptance of responsibility

was contingent upon its determination that Clark continued, through his conduct

and his statements, to accept responsibility for his offenses. In pertinent part, the

agreement provided:

> If, at any time prior to the imposition of the sentence, the defendant
> fails to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or acts in a
> manner inconsistent with acceptance of responsibility, the United
> States will not make or, if already made, will withdraw this
> recommendation [for a two-level reduction] and motion [for the third
> level].

As a result, the plea agreement did not obligate the government to file a departure

motion unless the government found that Clark continued to demonstrate

acceptance of responsibility.

The government did not breach the terms of the plea agreement by opposing

a reduction for acceptance of responsibility because, prior to sentencing, Clark

2

provided materially false information to the probation officer regarding his alleged military service. The presentence report and the government properly concluded that, by making false statements regarding his purported military membership, Clark's conduct fell short of manifesting the "clear acceptance of responsibility" required by § 3E1.1. *See United States v. McKinney*, 15 F.3d 849, 853 (9th Cir. 1994) ("The primary goal of the reduction is to reward defendants who are genuinely contrite.").

Clark's underlying offense involved impersonating a military officer. Clark's efforts to perpetuate this false identity when interviewed by the probation officer were inconsistent with his claim that he genuinely accepted responsibility for his crimes. *See United States v. Bazuaye*, 240 F.3d 861, 865 (9th Cir. 2001) (a defendant's "false statements to the probation office were reasonably considered inconsistent with a sincere acceptance of responsibility for [h]is offense"); *United States v. Magana-Guerrero*, 80 F.3d 398, 402 (9th Cir. 1996) ("Lying [to a pretrial services officer] with the hope of avoiding a degree of culpability or punishment is the very antithesis of acceptance of responsibility."); *United States v. Johnson*, 953 F.2d 1167, 1173 (9th Cir. 1992) (defendant who lied about his responsibility for the offense did not demonstrate "sincere contrition" or "sincere remorse" necessary to find acceptance of responsibility). Even if Clark's false statements did not

3

amount to obstruction of justice, the Guidelines provide that conduct not qualifying as obstruction may still "affect the determination of whether other guideline adjustments apply (e.g., § 3E1.1 (Acceptance of Responsibility))." U.S. SENTENCING GUIDELINES MANUAL § 3C1.1 cmt. n.5 (2010).

Given the government's option of moving for a three-level reduction for acceptance of responsibility, and Clark's false statements continuing to claim purported military service, we conclude that Clark has not satisfied his burden of demonstrating that the government's conduct amounted to plain error. *See United States v. Whitney*, 673 F.3d 965, 970 (9th Cir. 2012). The government did not breach the plea agreement. As a result, Clark's remaining claims of error are barred by the explicit waiver of his appellate rights contained in his plea agreement.

**DISMISSED.**